In the Matter of LEGAL AID SOCIETY OF SULLIVAN COUNTY, INC., Petitioner, v VINCENT G. BRADLEY, as Supreme Court Justice Acting as Sullivan County Court Judge, Respondent.

Third Department, November 1, 1984

**APPEARANCES OF COUNSEL**

*Carl Silverstein* for petitioner.

*Robert Abrams, Attorney-General* (*William J. Kogan* and *Clifford A. Royael* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

Petitioner is a private not-for-profit corporation authorized to practice law under subdivision 7 of section 495 of the Judiciary Law. Sullivan County has contracted with petitioner to provide legal representation for indigent criminal defendants in the courts of that county. Petitioner has a staff of five lawyers, including its director. In March, 1984, petitioner was assigned by a local Town Justice to

provide representation for one Freddie Lawson. K.C. Garn, Esq., a member of petitioner's staff, appeared on Lawson's behalf at a preliminary hearing on March 28, 1984, after which Lawson was held for action by the Grand Jury. At a conference a week later, Lawson advised Garn that he wished to be represented by another lawyer. Later that day, Garn arranged for his appearance before respondent, a Justice of the Supreme Court acting as County Judge of Sullivan County, so that Lawson could make a formal request for substitution of counsel. After briefly hearing from Lawson, respondent granted his request for substitution. Despite being advised by Garn that it was petitioner's policy that if a client was dissatisfied with its representation an outside attorney should be substituted, respondent further ordered that petitioner assign another member of his staff to handle the case. Petitioner then brought the instant CPLR article 78 proceeding in the nature of prohibition to review that direction.

As has been restated repeatedly, the extraordinary remedy of prohibition lies only when there is a clear legal right and only when the public official or body has acted or threatened to act without or in excess of its jurisdiction (*Matter of Schumer v Holtzman,* 60 NY2d 46, 51; *Matter of Morgenthau v Altman,* 58 NY2d 1057, 1058; *Matter of Dondi v Jones,* 40 NY2d 8, 13; *Matter of State of New York v King,* 36 NY2d 59, 62). With respect to judicial excesses, the availability of the remedy has been narrowly circumscribed because of concern that such a proceeding collateral to a case in progress will impede expeditious disposition of the main action and, as to criminal cases, also conflict with the statutory policy against appeals from intermediate orders (*Matter of State of New York v King,* supra, pp 63-64).

Petitioner has failed to make the requisite clear showing here to justify prohibition. A court has both inherent and statutory power to assign and reassign counsel to represent an indigent charged with a crime (*Matter of Stream v Beisheim,* 34 AD2d 329, 333). Moreover, it has the discretion in appropriate circumstances to relieve an attorney of such an assignment and substitute new counsel. Each of these prerogatives entails some exercise of the right to

regulate the conduct of attorneys in order to attain the objective of guaranteeing an accused's constitutional right to the effective assistance of counsel.

Petitioner's main ground for arguing that respondent exceeded the foregoing inherent and incidental powers here is that a Legal Aid Society is a single entity insofar as it receives assignments to represent defendants, much like a private law firm. Therefore, petitioner argues, directing the reassignment of another staff member to Lawson's case impermissibly interfered with the internal operations of petitioner's office and, if a substitution was to be made, it should have been of outside counsel. Although a Legal Aid Society might well be compared to a private law firm as to disqualification for an actual or known potential conflict of interest of a staff member, or of a similar potential breach of confidentiality (*People v Sawyer,* 57 NY2d 12, cert den 459 US 1178), the analogy is not a perfect one in terms of invariably treating such a society as a single entity (see *People v Wilkins,* 28 NY2d 53, 56). Moreover, the governing statute does not bear out petitioner's thesis that it is the society and not the individual staff member which is assigned to defend. In describing the alternative plan for representation of indigent defendants pertinent here, subdivision 2 of section 722 of the County Law refers to this mode as "representation *by counsel furnished* by a private legal aid bureau or society" (emphasis added). The statute provides for the possibility of alternative appointment of outside counsel, but only when "a conflict of interest prevents the assignment of counsel pursuant to the plan in operation" (County Law, § 722, subd 4). Since no such conflict of interest within petitioner's office was revealed in Lawson's case, at least statutorily, there was nothing to prevent respondent from directing that petitioner furnish substitute counsel from its staff under the Sullivan County plan of representation (cf. *Matter of Legal Aid Soc. v Samenga,* 39 AD2d 912).

Undoubtedly as petitioner apprehends, a danger exists that the judicial authority exercised here can be stretched to the point where a criminal defendant is improperly enabled to pick and choose among Legal Aid Society staff attorneys (see *People v Jackson,* 61 AD2d 1071, application

for lv to app den 44 NY2d 954, cert den 439 US 897; *La Rocca v Lane,* 47 AD2d 243, 246, affd 37 NY2d 575, cert den 424 US 968). The appropriate remedy, however, is for the trial court to conduct a searching inquiry of the defendant to determine whether good cause exists for requiring substitution of counsel (*People v Sawyer,* 57 NY2d 12, 19, *supra*). While that inquiry could have been more extensive here, this does not constitute such an abuse of judicial power as to justify prohibition.

MAIN, J. P., CASEY, MIKOLL and HARVEY, JJ., concur.

Petition dismissed, without costs.