■ In the Matter of MICHAEL T. MURPHY, Appellant, v JOSEPH W. KELLEY, as District Attorney of Clinton County, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Ford, J.), entered July 10, 1985 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to consent to the removal of the criminal action against petitioner to the Family Court of Clinton County and/or to declare CPL 210.43 (1) (b) unconstitutional.

Petitioner, indicted by a Clinton County Grand Jury on alternate counts of intentional and reckless murder in the second degree, was 13 years of age at the time of the indictment. By omnibus motion argued in September 1984 in Clinton County Court, petitioner sought, *inter alia,* to have the case transferred to Clinton County Family Court pursuant to CPL 210.43 (1) (b). Both prior to and at the argument, the District Attorney refused to consent to the transfer with the result that the transfer was not granted.

On March 7, 1985, petitioner brought the instant CPLR article 78 proceeding, in the nature of mandamus in Supreme Court, Clinton County, seeking to compel respondent to consent to transfer the case to Family Court or to set forth the reasons for the denial of his consent and to declare CPL 210.43 (1) (b) unconstitutional as applied to petitioner, on the grounds that it violated his rights to equal protection and due process and constituted cruel and unusual punishment.

Respondent requested dismissal of the petition on the grounds that the petition was not timely because petitioner had been informed that the District Attorney would not consent to the transfer more than four months prior to the commencement of the proceeding, that the issues had been previously litigated in County Court and that a CPLR article 78 proceeding was not the proper vehicle for a review of the instant matter. On April 4, 1985, Special Term dismissed the petition and this appeal ensued.

We conclude that a CPLR article 78 proceeding was an improper method to obtain a review of the issues raised herein *(Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12). This is essentially a collateral proceeding brought to review an alleged error of law *(see, Matter of State of New York v King,* 36 NY2d 59). Although in certain instances mandamus to compel is available in a criminal case, that relief is confined to performance of a clerical or ministerial act *(Matter of Butts v Justices of Ct. of Special Sessions,* 37 AD2d 607, *appeal*

*dismissed* 29 NY2d 707). The demand in the instant proceeding concerns a judgmental act as opposed to a clerical or ministerial act.

A second valid reason to dismiss the petition is the Statute of Limitations. Under CPLR 217, such a proceeding must be brought "within four months after the determination * * * or after the respondent's refusal, upon the demand of the petitioner * * * to perform [his] duty". The record conclusively established that the demand for respondent to consent to removal of the case to Family Court occurred at the time the omnibus motion was made on August 7, 1984, and respondent's refusal occurred September 7, 1984 in his answer to the motion *(see, Matter of Lee v Coombes,* 89 AD2d 677). To be timely, the proceeding should have been brought on or before January 7, 1985. It was not commenced until March 7, 1985.

The attorneys, by their briefs, have informed this court that the trial of the indictment took place, that petitioner was convicted and that an appeal has been taken from that conviction and is now pending in this court. Respondent, by his brief, concedes that all issues which petitioner sought to raise in this proceeding may properly be raised in the criminal appeal.

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.