*582 OPINION OF THE COURT
Chief Judge Wachtler.
The petitioner in this article 78 proceeding is Mary Grace Mullen, executrix of the estate of her father, Leo J. Mullen, who died on January 10, 1989. It is Mr. Mullen’s care during the final years of his life that is at issue in this appeal. In January 1985, Mr. Mullen entered the Mary Manning Walsh Home in New York City. Petitioner alleges that less than a year later, he was near death as a result of the abuse, mistreatment and neglect that he suffered there. According to petitioner, Mr. Mullen sustained an ankle injury in an altercation with an orderly, and the nursing home staff failed to treat the injury properly. As a result, Mr. Mullen’s general condition worsened dramatically and gangrene set in, necessitating the amputation of Mr. Mullen’s right leg above the knee. Further, no one at the home reported any of the instances of mistreatment and abuse that allegedly led to the over-all deterioration of Mr. Mullen’s health to the State Department of Health (Department), as is required by Public Health Law § 2803-d (1).
On February 10, 1986, petitioner submitted a report to the Department on her father’s behalf, charging the Mary Manning Walsh Home with various instances of abuse, mistreatment and neglect (see, Public Health Law § 2803-d [2]). The Department commenced an investigation of the charges as required by Public Health Law § 2803-d (6) (a). The investigation included an analysis of the information submitted by the petitioner, a review of documentation and records from the nursing home, and interviews with nursing home staff and with others involved in Mr. Mullen’s case, including the petitioner. By letter dated February 3, 1987, the Department informed petitioner of its determination that there was "insufficient credible evidence to sustain a violation of the Public Health Law § 2803-d in this instance.”
In May of 1987, Mr. Mullen commenced this article 78 proceeding seeking to set aside the Department’s determination that insufficient credible evidence existed to substantiate his complaints of abuse, mistreatment and neglect. The Supreme Court dismissed that proceeding, holding that the petition failed to state a cause of action and that Mr. Mullen additionally lacked standing to bring the article 78 proceeding. The Appellate Division affirmed by order dated December 22, 1988. After Mr. Mullen’s death, this court, by order dated *583 July 6, 1989, granted Mary Grace Mullen’s motion for party substitution and additionally granted leave to appeal.
"While a mandamus is an appropriate remedy to enforce the performance of a ministerial duty, it is well settled that it will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion.” (People ex rel. Hammond v Leonard, 74 NY 443, 445; see also, Klostermann v Cuomo, 61 NY2d 525, 539; Gaynor v Rockefeller, 15 NY2d 120, 131; Matter of Gimprich v Board of Educ., 306 NY 401, 406.) This court has additionally held that a public entity’s decision not to invoke authorized penalties falls within "the areas of management of public affairs and discharge of public duties where judicial intervention in the ordinary case is least fitting.” (Gaynor v Rockefeller, supra, at 131.)
In the case now before us, the respondent Department of Health Commissioner David Axelrod (Commissioner) was vested with the discretion to determine whether, based on available evidence, penalties against the nursing home were appropriate. The Commissioner’s designee conducted an extensive investigation of the petitioner’s allegations of abuse, mistreatment and neglect. The basis of petitioner’s cause of action appears to be that the Commissioner’s designee abused his discretion by concluding that there was insufficient evidence to sustain a violation of the Public Health Law and by consequently declining to take disciplinary action against the nursing home. An examination of the applicable case law would thus appear to compel the conclusion that mandamus does not lie in this case since the Commissioner’s finding at issue here involved a discretionary decision not to impose penalties authorized by the Public Health Law (see, Public Health Law § 2803-d [7]).
Petitioner argues, however, that the language of a 1986 amendment to Public Health Law § 2803-d (6) (c) effectively gives her standing to challenge the Department’s determination in this case. Prior to its amendment, this section read in relevant part that "[a]ll information relating to any allegation which the commissioner has determined would not be sustained shall be expunged forthwith”. The statute was amended to read that "[a]ll information relating to any allegation which the commissioner has determined would not be sustained shall be expunged one hundred twenty days following notification of such determination to the person who made the report pursuant to this section, unless a proceeding per *584 taining to such allegation is pending pursuant to article seventy-eight of the civil practice law and rules” (emphasis added). Petitioner contends that this reference to a pending article 78 proceeding must have been intended by the Legislature to give those people who report nursing home misconduct standing to challenge a finding by the Department that their allegations of abuse, mistreatment or neglect were unsupported by sufficient evidence.
Our examination of the amendment’s language and legislative history does not reveal an unequivocal intention to create standing in this area. In his memorandum approving the amendment, Governor Cuomo noted that "[t]he bill is intended to preserve the evidence assembled by the Department for a limited period of time to give the complainant the opportunity, after learning of the Department’s determination, to seek reconsideration or review. The bill does not explicitly establish new grounds or standing to appeal these determinations, but is designed to provide an opportunity for the Department and the complainant to reconsider the case and to evaluate any evidence that may have been overlooked” (1986 McKinney’s Session Laws of NY, at 3165 [emphasis added]). The petitioner, however, has culled language from other legislative sources that suggests that the amendment was in fact intended to create standing to challenge determinations by the Department that charges of nursing home misconduct had not been sustained (see, e.g., New York State Assembly, Transcript of June 26, 1986, Assembly Debates on Bill No. 10559-A, Rules Report No. 709, at 111 [statement of Assemblywoman Helene Weinstein]).
Reasonable minds could differ as to whether this amendment was intended to create standing to challenge Department determinations in this area. Because neither the words of the statute nor the amendment’s legislative history clearly create standing, there is no basis for the courts to confer it on petitioner in this case. We conclude, therefore, that this case falls within the scope of our prior decisions, cited earlier, that stand for the proposition that mandamus is inappropriate to compel the performance of a purely discretionary act by a public entity, especially where that exercise of discretion involves a decision not to invoke penalties otherwise authorized by law (see, People v Bunge Corp., 25 NY2d 91, 98).
We have considered petitioner’s other arguments and find *585 them to be without merit. Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.