In the Matter of VINCENT D. BYTNER, Appellant, v SOL

GREENBERG, as District Attorney of Albany County, Respondent. [625 NYS2d 709] —Cardona, P. J. Appeal from an amended judgment of the Supreme Court (Bradley, J.), entered January 11, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* granted respondent's motion to dismiss the petition for failure to state a cause of action.

In June 1992, petitioner filed a felony complaint in City of Albany Police Court charging Ellen Schwartz, the operator of JetMore Tours, Inc., located in Nassau County, with the crime of grand larceny in the fourth degree (Penal Law § 155.30). The complaint alleged that Schwartz accepted $1,384 from petitioner in October 1991 for a travel booking which was never made. Subsequently, JetMore Tours, Inc. went bankrupt.

Respondent's office initiated an investigation of the matter and a Grand Jury heard petitioner's testimony regarding the transaction. Prior to completion of the Grand Jury presentment, a determination was made to discontinue the prosecution based on (1) an inability to establish a prima facie case due to insufficient evidence of criminal intent, and (2) insufficient evidence of geographic jurisdiction *(see,* CPL 20.40).

Petitioner subsequently commenced this CPLR article 78 proceeding to compel respondent to prosecute the felony complaint by indictment. In lieu of answering, respondent moved to dismiss the petition. Supreme Court granted respondent's motion dismissing the petition without prejudice to petitioner's renewal of the felony complaint in Nassau County. Petitioner appeals. We affirm.

A prosecutor's "broad discretion over who, what and when to prosecute" *(People ex rel. Doe v Beaudoin,* 102 AD2d 359, 365; *accord, People v Di Falco,* 44 NY2d 482; *People v Muka,* 72 AD2d 649) includes discretion to discontinue prosecution *(see, People v Zimmer,* 51 NY2d 390, 394) by unilaterally withdrawing a case from the Grand Jury *(cf., People v Wilkins,* 68 NY2d 269; *People v Washington,* 125 AD2d 967, *lv denied* 69 NY2d 887). The determination to withdraw a case is a judgmental act and, therefore, is not subject to relief by way of a CPLR article 78 proceeding in the nature of mandamus to compel *(see, Matter of Murphy v Kelley,* 116 AD2d 967, 967-968).

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the amended judgment is affirmed, without costs.