*824 OPINION OF THE COURT
Joseph Fisch, J.
Defendant, charged with burglary in the second degree and related offenses, moves to dismiss the indictment against him as time barred under CPL 30.30. Upon the evidence adduced at the hearing, the defendant’s motion is denied.
FINDINGS OF FACT
The People called one witness, Police Officer John Mulrooney. The defense called no witnesses. The court finds the testimony of the People’s witness credible. In addition, the People adduced into evidence, without objection, the certified minutes of disputed adjournments.
THE RELEVANT SIX-MONTH PERIOD
The filing of the first accusatory instrument triggers the commencement of the six-month period of limitation under CPL 30.30. (People v Osgood, 52 NY2d 37 [1980].) Any time period specified in a New York statute is deemed to commence the day following the triggering event, unless the particular statute specifies otherwise. (General Construction Law § 20.) Thus, the relevant six-month period herein began to run from the day after September 1st when the felony complaint was filed, that is September 2, 1993. Consequently, the time period within which the People must be ready is 181 days.
TOTAL TIME CHARGED: 135 DAYS
The People concede that 134 days are chargeable (discussed in detail, infra) but dispute certain adjournments. Accordingly, they obtained certified minutes of such proceedings, which were admitted without objection. Such minutes establish that all such disputed time was excludable, except for one day, because such adjournments were postreadiness, granted either at the defendant’s request or with his consent, or for good cause. Accordingly, the People are charged so far with 135 days.
The "good cause” adjournment, to which the defense at the time did not object, was granted at the People’s request to allow time for its essential witness, the arresting officer, to recuperate from unrelated injuries. The nature and seriousness of the injuries was clearly demonstrated at the hearing at which the officer testified, as detailed infra. However, the defense now contends that the adjournment was not justified *825 because there were other witnesses whom the People made no attempt to contact.
The analysis required for the determination of these issues is outlined below.
THE ADJOURNMENTS CHARGEABLE: TIME PERIODS DISPUTED
The accusatory instrument was filed on September 1, 1993. The defendant was arraigned on that date, bail was set and the case adjourned until September 3, 1993. The People did not state their readiness at the defendant’s arraignment. Since time chargeable commences one day after the filing of the accusatory instrument (supra), the People are charged with one day. The defense correctly contends that this time to allow presentment to a Grand Jury is not excludable. An indictment is a condition precedent to the trial of a felony; however, a statement by the People of present readiness before indictment is valid, when it is still possible to arraign the defendant on a future indictment within the six-month period. (See, People v Correa, 77 NY2d 930 [1991]; see also, People v England, 84 NY2d 1 [1994], rearg denied 84 NY2d 846 [1994]; People v Goss, 87 NY2d 792 [1996].)
The defendant, released on bail, failed to appear on September 3, 1993. On such date, the case was adjourned to September 10, 1993, at which time the defendant also failed to appear. Accordingly, the court issued a bench warrant. The indictment was filed on October 1, 1993. The defendant was returned on the outstanding bench warrant on October 10, 1993 and the case was adjourned to October 13, 1993.
All of the time from September 3 until October 13, 1993 is excluded because the defendant willfully absconded and concealed his whereabouts. The defense does not argue that the People should have shown they exercised "due diligence” to apprehend the defendant in light of clear evidence of his frequent use of aliases and fictitious addresses.
When the defendant was arraigned on the indictment on October 13th, the People stated readiness. The case was then adjourned until November 3, 1993. The minutes of that adjournment establish that the defense did not object to the adjourned date. Consequently, the time period between October 13th and November 3rd is excluded.
The minutes of the proceedings on November 3, 1993 reflect that the next date of November 12, 1993 was chosen by defendant’s counsel. Consequently, such time is excluded.
*826 The certified minutes of the proceedings provided by the People for the date of November 12, 1993, reflect a consent adjournment to December 10, 1993. Accordingly, this period of time is excluded.
On December 10, 1993 the People stated readiness, a motion schedule was set and the case adjourned to January 28, 1994. (Motion time had been tolled until this point in anticipation of a possible disposition by plea.) The defense does not dispute that such time is excludable.
On January 28, 1994, the case was adjourned to February 23, 1994, pending completion of motions. The defense concedes this time is excludable. On February 23,1994, the People stated their readiness and the case was adjourned until March 4, 1994, then April 29, 1994 and June 3, 1994, respectively. The defense does not dispute that these adjournments were granted with consent of both parties.
After June 3, 1994 the case was adjourned until September 1, 1994 to permit Officer Mulrooney sufficient time to recover from his injuries. The defense now contends that the People should be charged with all of this time: a period of 89 days. This time period is critical for if the law required that this period be charged to the People, dismissal would necessarily result. However, the People correctly assert under the facts herein that this postreadiness adjournment was for good cause, a fact not challenged by the defense on the record when such adjournment was granted.
the adjournments: periods conceded
As far as the remaining adjournments are concerned, the People concede other days chargeable as follows:
On September 1, 1994 the People were not ready and the case was adjourned until September 2. The People concede that they are chargeable with one day.
The adjournment from September 2, 1994 until September 8, 1994 was on consent for plea negotiations and is therefore excludable.
On September 8, 1994 the People were not ready, the case was adjourned until October 21, but the People filed their notice of readiness on September 14. The People correctly concede that they are chargeable with six days.
On October 21, 1994, the People were not ready, whereupon the case was adjourned to November 2, 1994. The People correctly concede that they are chargeable with 12 days.
*827 The defense does not dispute the People’s allegation that on November 2, 1994 they stated readiness and the case was adjourned on consent until December 7, 1994.
On December 7, 1994, the People were not ready and the case was adjourned until January 25, 1995. Since the People filed a proper notice of readiness on December 13, 1994, the People correctly concede that they are chargeable with six days.
On January 25, 1995, the People were not ready but stated that they would be ready in three days; further, the defendant had new counsel. The case was adjourned until February 15, 1995. The People concede that they were properly charged with three days for this postreadiness adjournment. (See, e.g., People v Anderson, 66 NY2d 529 [1985].)
On February 15, 1995, the People were not ready, whereupon the case was adjourned until March 29, 1995. The People were charged with 42 days.
On March 29, 1995, the People stated readiness and the defense consented to April 12, 1995, but on that date, the People were not ready. The case was adjourned until April 19, 1995 and the People concede they are chargeable with seven days.
The People also concede lack of readiness for the following periods, totaling 61 days: April 19-May 3, 1995; May 3-May 11, 1995; May 11-May 31, 1995; May 31-June 14, 1995; June 14-June 19, 1995. On June 19, 1995, the defense filed this CPL 30.30 motion. All subsequent time since is excluded.
THE ADJOURNMENT FROM JUNE 3 TO SEPTEMBER 1, 1994 WAS NECESSARY TIME FOR THE PEOPLE’S WITNESS’ RECOVERY
As stated earlier, the People, without objection by the defense, requested a good cause adjournment from June 3 until September 1, 1994 because the arresting officer, John Mulrooney, was hospitalized for injuries sustained in an unrelated automobile accident. The People established at the CPL 30.30 hearing that the officer sustained multiple fractures in his leg and foot, on April 7, 1994. That day, he was admitted to Westchester County Medical Center for surgery to repair bones in his left shin, involving, inter alia, insertion of a rod to hold together pieces of bone. On April 13, 1994, the witness was transferred to New York Hospital for Special Surgery in Manhattan for the insertion of a plate for his heel. Discharged from Special Surgery on April 23, Mulrooney returned on May *828 24 for replacement of the rod, after which he was discharged on May 26, 1994.
Mulrooney’s leg remained in a cast until the end of June or early July of 1994. On September 6, 1994, he returned to restricted duty (telephone reception), in accordance with the directions of Special Surgery’s Dr. David Helfert. Dr. Helfert informed Dr. Axelrod, a Police Department orthopedic surgeon, that Mulrooney could resume only desk duties in September. Officer Mulrooney received pain medication until the end of May 1994.
Not once during the period from the time of the accident until he returned to restricted duty, did Mulrooney ever appear to testify in any court or Grand Jury proceeding. He visited a Police Department orthopedic surgeon, Dr. Guzman, three times during this period. He also received physical therapy approximately three times a week from Dr. Helfert. The days he did not receive such therapy he was restricted to remaining in a horizontal position, with his leg elevated. All of the injuries described herein adversely affected his nighttime sleep.
Defense counsel elicited on cross-examination that on the date of arrest, Mulrooney was alone on foot patrol. Although additional officers responded and assisted, Mulrooney was the only eyewitness to the burglary in progress. To the best of Mulrooney’s recollection, the officer who accompanied him into the apartment to arrest the defendant was Officer Paveres of the 43rd Precinct. Mulrooney vouchered the property seized from the defendant after his arrest.
Defense counsel did not dispute the genuine and serious nature of Mulrooney’s injuries, the basis for the People’s requested adjournment from June 3 until September 1, 1994. However, defense counsel adduced that other officers responded to the scene, and that their identities could probably have been discovered by the District Attorney’s office had it made an effort to do so. It was clear that no effort was made because the prosecution deemed Mulrooney a necessary witness for whom there was no viable replacement.
DOES DUE DILIGENCE REQUIRE THE PEOPLE TO SEARCH FOR A SUBSTITUTE WITNESS?
The question before this court is whether the People were entitled to a good cause adjournment under New York’s speedy trial statute (CPL 30.30) because a witness, whom the People deemed essential, the arresting officer, was temporarily dis *829 abled despite the fact that the People concededly made no effort to ascertain identities of other witnesses who might have provided sufficient evidence for their prima facie case.
The court concludes under the facts herein, that the People had no duty to attempt to obtain any other witness. Accordingly, the adjournments pending Mulrooney’s availability were properly excluded.
CONCLUSIONS OF LAW
It is hornbook law that once the defendant has shown six months elapsed between the commencement of the criminal action (here, the defendant’s arrest on a felony complaint), and the date upon which the People stated their readiness on the record, the burden shifts to the People to justify any delay. (People v Berkowitz, 50 NY2d 333 [1980].) However, once the People have asserted their readiness, if an event beyond their control occurs which constitutes "good cause” for an adjournment, they are not required to seek another alternative to such adjournment absent protest by the defense. The New York Court of Appeals in People v Goodman (41 NY2d 888 [1977]) ruled that the medical unavailability of the victim constituted good cause permitting the People an exclusion of the resulting period of delay. See also, People v Celestino (201 AD2d 91 [1st Dept 1994]) where the Appellate Division found that the injuries sustained by the arresting officer justified the exclusion of time the People requested as necessary for the witness’ recovery.
However, in the case at bar, the witness was not the victim (People v Goodman, supra) nor will the defense concede Officer Mulrooney is "a principal prosecution witness”, which was not disputed by the defense in Celestino (supra). The defense contends that the disabled officer’s observation of the defendant’s commission of the crime was not so critical to the People’s case as to require his testimony. The defense argues that other officers responded to the scene and were present when the defendant was arrested. The defense claims that the People’s obligation under CPL 30.30 requires a showing that they made a diligent attempt to locate a substitute witness.
"due diligence” does not require the people
TO SEEK A SUBSTITUTE WITNESS ABSENT
A DEFENSE OBJECTION OR CLAIM OF PREJUDICE
Courts have recognized in different contexts that a District Attorney has broad discretion to decide whether to prosecute. *830 A resident of the County in which the District Attorney is the chief prosecuting official cannot seek the court’s assistance to compel such District Attorney to initiate a particular prosecution. (Matter of Bytner v Greenberg, 214 AD2d 931 [3d Dept 1995].)
A prosecutor has discretion to evaluate the evidence to be presented and to develop trial strategy. " 'It is not for the Trial Justice, no matter how well motivated, to usurp the role of counsel for either side in a criminal trial because of the court’s conception as to how the case should be presented’ ” (People v Hills, 140 AD2d 71, 81 [2d Dept 1988], lv denied 73 NY2d 855 [1988], quoting People v Ellis, 62 AD2d 469, 471 [1st Dept 1978]). In Hills (supra), an assault prosecution, the Appellate Division, Second Department affirmed the trial court’s refusal to order the People to agree to a proffered defense stipulation of the seriousness of the victim’s injuries in lieu of photographs and medical records. In so ruling, the Court stated that it lacked the authority to interfere with the People’s right to prove their case in the manner they deemed most effective and convincing.
Accordingly, if the People’s main witness is temporarily incapacitated, the "due diligence” requirement of CPL 30.30 does not require them to make any effort to locate possible other witnesses whose testimony would be less probative, in the absence of any defense claim of prejudice. A witness whose observations were incomplete and whose involvement was peripheral is not a genuine substitute for the witness who observed the entire perpetration of the alleged criminal acts by the defendant.
Significantly, the defense herein fails to demonstrate or even allege that the defendant was prejudiced by the delay. The record establishes that the defense failed to raise the issue of the People’s duty to diligently seek other possible witnesses at the time the good cause adjournment was requested. Additionally, when the adjournment to await the officer’s recovery was granted the defense did not object nor request this court then or at any time thereafter to attempt to order the officer’s testimony by an alternate means such as a deposition.
Were this court to rule that "due diligence” under CPL 30.30 imposes an obligation on the People to go forward with a weak case rather than wait for the key witness’ recovery, it would exceed its authority and improperly reward a defendant’s disingenuous silence. CPL 30.30 was designed to deter unwarranted dilatory inaction on the part of the prosecution. It was *831 not intended to create a grappling hook for a defendant to wrest dismissal of his case because of a temporary unavoidable and justifiable delay in the prosecution.