██ In the Matter of RICHARD E. CANTWELL, as District Attorney of Clinton County, Petitioner, v KEVIN K. RYAN, as Acting Judge, County Court of Clinton County, Respondent. [766 NYS2d 135] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit the enforcement of two orders issued by respondent directing petitioner to submit evidence and additional charges to a grand jury.

On June 9, 2002, Lawrence Crouthers shot and killed an individual he believed was about to burglarize his home. Following a police investigation, petitioner, the Clinton County District Attorney, presented evidence to a grand jury and instructed that body to consider whether there was reasonable cause to believe that Crouthers committed either intentional or reckless murder. Following deliberations, the grand jury returned a no true bill. Some 30 days later, and before the term of the grand jury expired, a member of that body met with petitioner and respondent, the County Judge presiding over the grand jury in question, and expressed his consternation over the outcome of the proceedings. Specifically, the grand juror expressed his belief that other charges might have been considered and, if they had, a different result might have occurred. Respondent thereafter reviewed the minutes of the grand jury proceeding and subsequently directed petitioner to resubmit the matter to another grand jury for consideration of the crimes of manslaughter and criminally negligent homicide. Petitioner moved to reargue and respondent, following reargument, amended his decision to provide that petitioner present whatever lesser charges he deemed appropriate, recognizing that the court should not infringe upon petitioner's discretion in that regard. That apt and very correct observation provides for the resolution of this case.

It is axiomatic that a district attorney is the chief law enforcement officer of his or her county and is charged with the exclusive obligation and authority to determine when and in what manner a suspect is to be prosecuted (see e.g. County Law § 700 [1]; People v Di Falco, 44 NY2d 482, 486 [1978]). In that regard, it is firmly established that a district attorney enjoys unfettered discretion to determine whether to prosecute a particular suspect, and the courts may not and should not

interfere with that discretion (*see e.g. People v Eboli,* 34 NY2d 281 [1974]; Matter of *Nieblas v Kings County Dist. Attorney,* 209 AD2d 703 [1994]; *Matter of Wilcox v Kahn,* 102 AD2d 359 [1984]).

Respondent asserts, in justification of his action, that CPL 190.75 (3) provides him with authority to "direct" the District Attorney to resubmit this matter to a grand jury. The section that respondent relies upon provides: "When *a charge* has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion * * * directs the people to resubmit *such* charge * * *" (emphasis added). Here, respondent has not directed petitioner to resubmit the *charge* previously considered and dismissed by the grand jury but, rather, has directed that other or additional charges be presented. This respondent is without power to do. In essence, respondent has issued an order of mandamus at the behest of a grand juror, and it is clear that respondent is without authority to do that (*see e.g. Matter of Bytner v Greenberg,* 214 AD2d 931 [1995]).

Indeed, there is a more fundamental problem in what is at work here. We of the judiciary are called upon to impartially preside over and adjudicate criminal proceedings. In doing so, we must not, however well intended, intrude upon the role of the prosecutor by directing that charges, other than those previously dismissed, be presented against a suspect. That is contrary to our role in the criminal justice system.

Cardona, P.J., Peters, Carpinello and Mugglin, JJ., concur. Adjudged that the petition is granted, without costs, and respondent is prohibited from enforcing the orders.