*494 OPINION OF THE COURT
Joseph M. Sise, J.
Proceeding by petitioner pursuant to CPLR article 78 in the nature of mandamus to compel.
On June 30, 2002, petitioner was arrested in the City of Amsterdam, Montgomery County, upon a felony complaint charging him with the crime of conspiracy in the second degree (Penal Law § 105.15). He was arraigned and released on bail the same day. Subsequently, in April 2003 he waived his right to a preliminary hearing, whereupon the City Court of the City of Amsterdam (Wollman, J.) ordered that petitioner be held for the action of the grand jury and transmitted the pertinent records to the County Court of Montgomery County, thereby divesting itself of jurisdiction of this matter (CPL 180.30). After executing the waiver, petitioner immediately made a motion in County Court to dismiss the felony complaint on speedy trial grounds (CPL 30.30). Citing Matter of Morgenthau v Roberts (65 NY2d 749 [1985]), County Court (Catena, J.) found that it lacked jurisdiction to do so. Petitioner next commenced an action in this court for the same relief he sought in County Court. While the court denied the relief, it did convert petitioner’s action into a CPLR article 78 proceeding in the nature of mandamus to compel. The court will now determine if this avenue of relief is available to petitioner.
Mandamus to compel is appropriate only where a clear legal right to the relief sought has been shown, the action sought to be compelled is one commanded to be performed by law, and no administrative discretion is involved (see, New York Civ. Liberties Union v State of New York, 3 AD3d 811 [2004]). Applying these standards to the provisions of CPL 190.55 (2) (a), petitioner contends his petition should be granted.
CPL 190.55 (2) (a) reads: “A district attorney must submit to a grand jury evidence concerning a felony allegedly committed by a defendant who, on the basis of a felony complaint filed with a local criminal court of the county, has been held for the action of a grand jury of such county . . . .” Clearly, petitioner fits neatly within this statute that unequivocally directs respondent to submit his case to a grand jury (L 1970, ch 996, Commission Staff Notes, reprinted in NY Cons Laws Serv, Book 7B, CPL 190.55, at 615). Although respondent does not take issue with the court’s analysis, he maintains the petition should be dismissed on the authority of Matter of Cantwell v Ryan (309 *495 AD2d 1042 [2003], lv granted 1 NY3d 506 [2004]). In Cantwell, the Court cautioned the judiciary about intruding upon the role of a prosecutor who enjoys unfettered discretion to determine when and in what manner a suspect is to be prosecuted (id.). This case is distinguishable as it involves a statute limiting a prosecutor’s discretion. Therefore, since CPL 190.55 (2) (a) imposes an affirmative duty upon a prosecutor to submit a matter to a grand jury under certain described circumstances, mandamus is available to enforce that duty, particularly where, as here, the failure to perform such duty leaves the petitioner powerless to resolve criminal proceedings pending against him (6 NY Jur 2d, Article 78 and Related Proceedings § 101, at 201-202). Accordingly, the petition is granted with the direction that respondent proceed in accordance with CPL 190.55 (2) (a) within 90 days of the date of this judgment.