In the Matter of Humane Society of United States, Inc., et al., Appellants, v Patrick H. Brennan, as Commissioner of Agriculture and Markets, et al., Respondents, et al., Respondents. [881 NYS2d 533]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered March 20, 2008 in Albany County, which, among other things, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, granted respondents' motion to dismiss the petition/complaint.

Pursuant to State Administrative Procedure Act § 204 (2), petitioners, various organizations and individuals generally opposed to the production of foie gras,[1] submitted a petition to respondent Department of Agriculture and Markets seeking a declaration that foie gras is an adulterated food product within the meaning of Agriculture and Markets Law § 200. After respondent Commissioner of Agriculture and Markets issued a statement declining to issue the requested declaration, petitioners commenced the instant combined proceeding pursuant to CPLR article 78 and declaratory action against the Department and the Commissioner (hereinafter collectively referred to as respondents), among others,[2] seeking to compel the Commissioner to issue the requested declaration or, in the alternative, a review of his determination not to issue such declaration. Petitioners also sought a judicial pronouncement that foie gras is an adulterated food product. Citing, among other things,

1. Foie gras is a food product derived from the intentionally enlarged livers of ducks and geese. The livers are typically enlarged by force-feeding the birds for approximately two weeks before their slaughter.

2. Three producers of foie gras located in New York—H.V.F.G., LLC, Bella Poultry, Inc., and La Belle Farm, Inc.—were also named as respondents.

petitioners' lack of standing to maintain the proceeding, Supreme Court granted respondents' motion to dismiss the petition/complaint and denied petitioners' cross motion to amend the petition/complaint. Petitioners appeal.

In order to establish standing, petitioners were required to demonstrate that the Commissioner's declination to issue a declaratory ruling caused them an injury-in-fact different from the general public and one that falls within the zone of interest protected by State Administrative Procedure Act § 204 (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]). That statute provides that, when petitioned to issue a declaratory ruling, an agency must either issue the ruling or issue a statement declining to issue such ruling (*see* State Administrative Procedure Act § 204 [2] [a]; *see also* 1 NYCRR 368.1). There is no requirement that the agency issue a declaratory ruling when requested and a petitioner has no rights under the statute other than a timely response by the agency (*see Matter of Bonar v Shaffer*, 140 AD2d 153, 156 [1988]). Indeed, the Department's regulations specifically state that "[t]he issuance of a declaratory ruling shall be wholly within the discretion of the commissioner" (1 NYCRR 368.1 [c]).

Here, even assuming petitioners' alleged injuries to be true— i.e., that force-feeding ducks causes the birds to become diseased animals, rendering their harvested livers adulterated food products within the meaning of Agriculture and Markets Law § 200—because the Commissioner issued a timely response to *their* request, they did not suffer an injury within the zone of interests protected by State Administrative Procedure Act § 204. Nor are we persuaded that petitioners established either statutory (*see* State Finance Law § 123-b) or common-law taxpayer standing. As such, Supreme Court properly granted respondents' motion to dismiss the petition based on petitioners' lack of standing.

In light of the above, it is unnecessary to address petitioners' remaining contentions.

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.