■ In the Matter of KEITH D. DAYTON, as Cortland County Public Defender, Petitioner, v JULIE A. CAMPBELL, as Judge of the County Court of Cortland County, Respondent. [881 NYS2d 733]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's motion to be relieved as counsel in an underlying criminal action.

This CPLR article 78 proceeding was initiated in this Court by petitioner, the Cortland County Public Defender, seeking review of an order issued by respondent, a County Judge, denying petitioner's motion to be relieved as counsel for a defendant who was charged with one count of criminal sale of a controlled substance in the fourth degree. The basis of the motion is a claim that petitioner's office might have a conflict of interest related to its past representation of a confidential informant who reportedly participated in the alleged drug sale herein. Following an in camera interview of the confidential informant, respondent concluded that there was no conflict of interest requiring petitioner to be relieved as counsel. According to petitioner, respondent's determination was an abuse of discretion and affected by an error of law (*see* CPLR 7803 [3]).

Respondent correctly maintains that the subject proceeding must be dismissed. This proceeding, in the nature of mandamus to compel, is an improper vehicle by which to review the court order issued in this criminal matter (*see* CPLR 7801 [2]). While it is true that "in certain instances mandamus to compel is available in a criminal case, that relief is confined to performance of a clerical or ministerial act [as opposed to] a judgmental act" (*Matter of Murphy v Kelley*, 116 AD2d 967, 967-968 [1986] [citations omitted]). Clearly, the decision whether to relieve or disqualify counsel based upon an alleged conflict of interest is a case-specific judicial determination that rests within the discretion of the court in which the action is pending (*see People v Linares*, 2 NY3d 507, 510-511 [2004]; *see also Matter of Legal Aid Socy. of Sullivan County v Bradley*, 103 AD2d 569, 570 [1984]). Additionally, respondent correctly argues that the remedy of prohibition is similarly unavailable to review the subject order (*see Matter of Legal Aid Socy. of Sullivan County v Bradley*, 103 AD2d at 572). Accordingly, this proceeding must be dismissed.

Spain, Rose, Kane and Garry, JJ., concur. Adjudged that the petition is dismissed, without costs.