■ In the Matter of GEORGE NAGER, Appellant, v LORNA B. GOODMAN, Respondent. [895 NYS2d 471]—

In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent, as the Nassau County Attorney, to issue an advisory opinion regarding the removal of all property from a building when a warrant of eviction has been issued, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Lally, J.), entered August 14, 2009, which, in effect, granted the respondent's motion to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly, in effect, granted the respondent's motion to dismiss the petition and dismissed the proceeding since the petitioner lacked standing. "[S]tanding requires an inquiry into whether the litigant has 'an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request' " (*Matter of Montano v County Legislature of County of Suffolk*, 70 AD3d 203, 215 [2009], quoting *Caprer v Nussbaum*, 36 AD3d 176, 182 [2006]; *see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]).

Here, the petitioner failed to establish that he sustained any specific injury in fact which was different from that suffered by other County taxpayers and that his alleged injury falls within the zone of interest to be promoted or protected by the statute under which the County Attorney acted (*see Matter of Clark v Town Bd. of Town of Clarkstown*, 28 AD3d 553 [2006]). Moreover, the petitioner does not qualify for "Common-Law Taxpayer Standing" (*Matter of Clark v Town Bd. of Town of Clarkstown*, 28 AD3d at 554), since he was not challenging an act of the Nassau County Legislature, but was seeking an order compelling the County Attorney to issue a discretionary advisory opinion (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 589 [1998]; *Matter of Clark v Town Bd. of Town of Clarkstown*, 28 AD3d 553 [2006]).

In light of the foregoing determination, it is not necessary to address the petitioner's remaining contentions. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.