■ In the Matter of PAUL MATOTT, Petitioner, v JEROME J. RICHARDS, as Judge of the County Court of St. Lawrence County, Respondent. [911 NYS2d 687]—

---

Kavanagh, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, among other things, prohibit respondent from disclosing grand jury minutes in violation of CPL 210.20 (1) (b) and 210.30 (3).

Petitioner was charged with crimes set forth in an indictment pending before respondent in his capacity as a County Judge. After petitioner was arraigned on the indictment, respondent informed him through counsel that he had a policy by which a defendant who signed a stipulation agreeing to forego discovery and motion practice would be provided access to a stenographic transcript of the proceedings that transpired before the grand jury. Petitioner refused to sign such a stipulation and filed an omnibus motion, which included a motion to inspect the grand jury minutes and dismiss the indictment on the ground that it was based on legally insufficient evidence (see CPL 210.20 [1] [b]). Respondent granted petitioner's motion to the extent that it conducted its own review of the grand jury minutes, and subsequently dismissed the indictment.[1]

Despite having his indictment dismissed, petitioner commenced this CPLR article 78 proceeding seeking a writ of prohibition barring respondent from continuing to engage in this practice of allowing a defendant charged by indictment access to grand jury minutes in lieu of discovery practice. He claims that providing defendants access to grand jury transcripts absent some showing of a compelling and particularized need is illegal and violates the Criminal Procedure Law (see CPL 210.30). Since his indictment has been dismissed, petitioner cannot demonstrate that he has been injured by respondent's practice of disclosing these minutes in a way "that falls within the relevant zone of interests sought to be protected" by the Criminal Procedure Law and, as such, lacks standing to bring this proceeding (Matter of People v Christensen, 77 AD3d 174, 185 [2010] [internal quotation marks and citations omitted]; see Matter of Nager v Goodman, 70 AD3d 951, 952 [2010], lv denied 14 NY3d 709 [2010]; Matter of Quigley v Town of Ulster, 66 AD3d 1295, 1296 [2009]; Aiardo v Town of E. Greenbush, 64 AD3d 849, 851

_____

1. The District Attorney, despite being granted leave by County Court, never re-presented the matter to another grand jury.

[2009]; *Matter of Humane Socy. of U.S., Inc. v Brennan*, 63 AD3d 1419, 1420 [2009]).[2]

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the petition is dismissed, without costs.

 ---

**2.** We do not address petitioner's contention that the practice of authorizing disclosure of grand jury minutes absent some demonstration of a compelling and particularized need exceeds respondent's statutory authority (*see People v Robinson*, 98 NY2d 755, 756 [2002]).