■ In the Matter of DOVER DAVIS JR., Appellant, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents. [947 NYS2d 663]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered January 20, 2011 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner filed a complaint with respondent New York State Department of Education alleging that a physical therapist from whom he had received treatment engaged in professional misconduct—specifically, inappropriate touching. The matter was referred to respondent Office of Professional Discipline (hereinafter OPD) which, following an investigation, concluded that there was insufficient evidence to pursue petitioner's complaint. When OPD declined petitioner's subsequent request to reopen its investigation, petitioner commenced this CPLR article 78 proceeding in New York County seeking to reverse respondents' determination and, in essence, compel OPD to reopen the matter. Supreme Court (Stallman, J.) granted respondents' motion for a change of venue and, once the matter was

transferred to Albany County, Supreme Court (Teresi, J.) granted respondents' motion to dismiss for lack of standing. This appeal by petitioner ensued.

We affirm. Standing is a threshold legal requirement for a party seeking to challenge a governmental action, imposing upon the complaining party an obligation to demonstrate that he or she has suffered an injury in fact that is both distinct from that of the general public and "fall[s] within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *see Matter of Diederich v St. Lawrence*, 78 AD3d 1290, 1291 [2010], *lv dismissed and denied* 17 NY3d 782 [2011]; *Matter of Humane Socy. of U.S., Inc. v Brennan*, 63 AD3d 1419, 1420 [2009]). Although petitioner may have suffered various injuries during or as a result of the alleged assault, he has failed to demonstrate that he "personally suffered some actual or threatened injury" (*Sassower v Commission on Jud. Conduct of State of N.Y.*, 289 AD2d 119 [2001], *lv denied* 99 NY2d 504 [2002]) as a result of OPD's decision not to prefer charges against the therapist in question. Further, even assuming that petitioner suffered an injury in fact based upon OPD's decision not to pursue disciplinary action, we fail to discern how any such injury would be different from that sustained by the general public. Notably, courts have found a lack of standing under similar circumstances (*cf. Matter of Humane Socy. of U.S., Inc. v Brennan*, 63 AD3d at 1420; *Sassower v Commission on Jud. Conduct of State of N.Y.*, supra; *Matter of Morrow v Cahill*, 278 AD2d 123 [2000], *appeal dismissed* 96 NY2d 895 [2001]; *Matter of Wade v Suffolk County Med. Socy.*, 88 AD2d 602 [1982]). Accordingly, we agree that Supreme Court properly dismissed the instant proceeding upon this basis—a conclusion that is not altered by petitioner's assertion that such dismissal violates his First Amendment or equal protection rights.

Moreover, even if we were to conclude that petitioner had standing to maintain this proceeding, we nonetheless would be compelled to uphold Supreme Court's dismissal of the underlying petition. To be sure, OPD is required to "investigate each complaint which alleges conduct constituting professional misconduct" (Education Law § 6510 [1] [b]; *see* 8 NYCRR 17.1, 17.2) and refer the results of that investigation to the designated professional conduct officer; however, "[i]f such officer decides that there is not substantial evidence of professional misconduct or that further proceedings are not warranted, no further action shall be taken" (Education Law § 6510 [1] [b]). Inasmuch

as OPD plainly is vested with the discretion "to determine whether further disciplinary action should be undertaken, or whether a matter should be closed" (*David v Biondo*, 92 NY2d 318, 321 [1998]), mandamus to compel does not lie to require OPD to either reopen its investigation or arrive at a particular conclusion (*see generally Matter of Mullen v Axelrod*, 74 NY2d 580, 583 [1989]; *Matter of McTootle v Rice*, 60 AD3d 1068 [2009], *lv denied* 13 NY3d 705 [2009]; *Matter of Cantwell v Ryan*, 309 AD2d 1042, 1042-1043 [2003], *affd* 3 NY3d 626 [2004]; *Matter of Bytner v Greenberg*, 214 AD2d 931, 932 [1995]).

Mercure, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.