[613 NYS2d 741]

Paul Czajka, as District Attorney of Columbia County, Respondent, v Brian Breedlove et al., Appellants.

Third Department, June 23, 1994

APPEARANCES OF COUNSEL

*Crane & Mackrell,* Albany *(Brian D. Premo* of counsel), for Lynne Clow, appellant.

*Paul Czajka, District Attorney* of Columbia County, Hudson *(H. Neal Conolly* of counsel), respondent *pro se.*

## OPINION OF THE COURT

YESAWICH JR., J.

Defendant Lynn Clow, a police officer for the City of Hudson, Columbia County, was indicted and charged with committing several counts of perjury and official misconduct. On January 27, 1992, the day Clow's trial was scheduled to commence, plaintiff, the District Attorney of Columbia County, and defendant Brian Breedlove, then Clow's attorney, negotiated an agreement which provided that plaintiff would move to dismiss the charges against Clow in exchange for her commitment to resign from the police department. A stipulation implementing this understanding was thereupon executed by Clow. She also signed, in triplicate, a letter of resignation addressed to the Commissioner of Police; plaintiff was given a copy of the letter, and Breedlove kept the remaining copies, one of which he was to forward to the Police Commissioner, in accordance with the terms of the stipulation, on February 15, 1992. Plaintiff agreed that once this letter had been received, and Clow had actually resigned, he would "unequivocally and irrevocably indicate [his] intention not to re-present or in any way re-prosecute or re-institute" the charges.

Immediately following execution of the stipulation, plaintiff made a motion in County Court to dismiss the charges against Clow, without prejudice, in the interest of justice *(see,* CPL 210.40). The terms of the stipulation were not discussed with County Court or placed on the record. Plaintiff's articulated rationale for the dismissal was that "given the totality of the circumstances", no harm would be caused by a dismissal, no purpose would be served by punishment or sentence, and the dismissal would have no effect on the safety or welfare of the community. Breedlove joined in the motion and it was granted.

Thereafter, by letter dated February 4, 1992, Clow, who maintains that the criminal charges lodged against her are baseless, directed Breedlove not to send the letter of resignation to the Commissioner and Breedlove, in turn, informed plaintiff of his intention to comply with his client's wishes. On

or about February 14, plaintiff delivered his copy of the letter of resignation, along with a copy of the stipulation, to the Commissioner, who advised Clow that her resignation would be accepted "effective 12:01 a.m. February 15, 1992". Clow then brought a CPLR article 78 proceeding seeking reinstatement to her position as a police officer. The predicate for her petition, which was granted *(see, Matter of Clow v Deily,* 191 AD2d 917), was that she had never communicated an intention to resign.

Following this development, plaintiff, in his capacity as District Attorney, commenced the instant action against Clow and Breedlove to compel specific performance of the terms of the stipulation. Issue was joined and plaintiff successfully moved for summary judgment. Defendants appeal.

Because plaintiff is not empowered, in his capacity as District Attorney, to bring a civil suit of this nature, we reverse. The position of District Attorney is a purely statutory office and, consequently, the only powers and duties which may be exercised by one acting in that post are those conferred by the Legislature, either expressly or by necessary implication *(see, Matter of Schumer v Holtzman,* 60 NY2d 46, 53; *cf., Matter of Darlington v City of Ithaca, Bd. of Zoning Appeals,* 202 AD2d —, —, 1994 NY Slip Op 2464 [3d Dept, Mar. 17, 1994, slip opn p 3]). County Law § 700 (1), which establishes the primary duties of a District Attorney, does not explicitly grant the power to institute civil suits in furtherance of the objectives outlined therein, and it may be assumed that had the Legislature intended a District Attorney to possess the general power to bring a civil suit on behalf of the People, it would have manifested that intention *(see, Matter of Pooler v Public Serv. Commn.,* 58 AD2d 940, *affd* 43 NY2d 750).

Not insignificant, also, is the fact that the Legislature has found it necessary to specifically bestow upon District Attorneys the authority to participate in certain types of civil actions even where the need to do so is directly related to the prosecutorial function. For example, specific legislation has been enacted to enable prosecutors to bring suit for the purpose of enjoining the dissemination of obscene material *(see,* CPLR 6330) or the operation of a house of prostitution *(see,* Public Health Law § 2321), to bring forfeiture actions *(see,* CPLR 7201 [a]; County Law § 700 [3]) and to participate in certain commitment hearings which are civil in nature *(see,* CPL 330.20 [8], [9]). It may be inferred from the existence of these provisions that a District Attorney has no general power

to sue, for if such a general power could be exercised the enactment of the foregoing legislation would have been superfluous and illogical (cf., McKinney's Cons Laws of NY, Book 1, Statutes § 144).

Nor can a civil suit for the enforcement of an agreement such as the one at hand be considered to be part of a criminal prosecution, for despite the fact that the stipulation entered into by Clow bears many of the hallmarks of a plea bargain, unlike a conventional plea bargain it resulted not in the admission of wrongdoing and a conviction, but in dismissal of the charges. And, although the term "criminal prosecution" has been interpreted broadly and as encompassing the ability to invoke "[a]ll the means provided by the law to bring conviction, sentence and the adjudged punishment to a criminal offender" (Matter of Lewis v Carter, 220 NY 8, 15), once, as here, the charges have been dismissed, the criminal action is terminated and with it the District Attorney's authority to act on behalf of the People in an effort to punish Clow for her alleged wrongdoing.

Finally, we are not amenable to plaintiff's suggestion that the capacity to bring an action of this type may be implied as a necessary adjunct to plaintiff's duty to prosecute crimes and offenses, for the District Attorney's continuing power to press criminal charges—which, in this case, was explicitly reserved to the People by the terms of the stipulation—affords adequate protection for the People's interest in obtaining the benefit of their bargain, namely, that of securing Clow's resignation. Also misplaced is plaintiff's reliance upon Cowles v Brownell (73 NY2d 382) as demonstrating the need for a District Attorney to have the ability to seek specific performance of an agreement in the civil arena. That notion was not addressed in that case, nor may it be implied from the holding therein.

CARDONA, P. J., MERCURE, WHITE and WEISS, JJ., concur.

Ordered that the order is reversed, on the law, without costs, plaintiff's motion denied, defendants' cross motions granted, summary judgment awarded to defendants and complaint dismissed.