In the Matter of BROOME COUNTY DISTRICT ATTORNEY'S OFFICE, Respondent, v JOSEPH B. MEAGHER, as Judge of the Town Court of the Town of Vestal, et al., Respondents, and JASON R. DUNLAP, Appellant. [777 NYS2d 567]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Hester, Jr., J.), entered July 1, 2003 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, prohibit respondent Town Judge from permitting the testimony of certain witnesses at a hearing conducted pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7).

Respondent Jason R. Dunlap (hereinafter respondent) was arrested in the Town of Vestal, Broome County, on June 16, 2002 and charged with, among other things, two counts of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2)* and (3). He appeared in respondent Vestal Town Court on June 25, 2002, but was granted an adjournment to August 6, 2002 to continue the arraignment and conduct a prompt suspension hearing pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (see *Pringle v Wolfe*, 88 NY2d 426 [1996], *cert denied* 519 US 1009 [1996]). Prior to the suspension hearing, respondent served subpoenas upon Jeffrey Waslyn (the police officer who arrested him) and Barbara Taggert (the police department employee who

---

* At the time of respondent's arrest, Vehicle and Traffic Law § 1192 (2) applied to a person with .10% or more blood alcohol. Such amount was subsequently reduced to .08% (see L 2002, ch 3; see *also* L 2003, ch 62). Respondent's blood alcohol reportedly tested at .18%.

certified his blood alcohol test results). At the hearing, Town Court found that the simplified traffic information and the certified BAC Datamaster ticket provided sufficient evidence to establish the two elements necessary for a prima facie case for suspension (*see id.* at 432). When the court inquired whether respondent wished to submit evidence to rebut its findings (*see* Vehicle and Traffic Law § 1193 [2] [e] [7] [b]), respondent called Taggert to the witness stand.

The Assistant District Attorney requested an offer of proof regarding the relevancy of Taggert's testimony. Respondent asserted that petitioner did not have standing to be heard at the juncture of the suspension hearing when respondent was exercising his right "to an opportunity to make a statement regarding [the] two [relevant] issues and to present evidence tending to rebut the court's findings" (Vehicle and Traffic Law § 1193 [2] [e] [7] [b]). Town Court determined that an offer of proof was unnecessary before Taggert testified and that there was no need for input from petitioner since the court had already found that the prima facie case for suspension had been established. The court stated that respondent's evidence on rebuttal would be "clearly limited" to only the two issues involved in establishing a prima facie case for suspension. The Assistant District Attorney requested an adjournment for the purpose of commencing a CPLR article 78 proceeding to challenge the court's rulings and the court granted an adjournment.

Petitioner then commenced this proceeding. Supreme Court granted petitioner's application and issued a judgment prohibiting Town Court from barring petitioner's participation during respondent's rebuttal at the suspension hearing and also prohibiting the testimony of Taggert and Waslyn absent an offer of proof that such testimony would tend to rebut Town Court's findings of a prima facie case for suspension. Respondent appeals.

A threshold issue is whether prohibition is a proper remedy to challenge Town Court's rulings regarding the manner of proceeding in the prompt suspension hearing. It is well settled that " 'the extraordinary remedy of prohibition lies only where there is a clear legal right, and only when a court (if a court is involved) acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction' " (*Matter of Henry OO. v Main,* 307 AD2d 615, 615-616 [2003], *lv denied* 1 NY3d 501 [2003], quoting *Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). The type of error to which prohibition is addressed "is to be distinguished from errors of substantive law or procedure committed within a

proceeding which is properly maintainable, even though concededly 'there is no sharp line between a court acting in error under substantive or procedural law and a court acting in excess of [its] powers' " (*Matter of Rush v Mordue, supra* at 353, quoting *La Rocca v Lane*, 37 NY2d 575, 580 [1975], *cert denied* 424 US 968 [1976]; *see Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786 [1993]).

Town Court undisputedly had jurisdiction and was statutorily required to promptly address the matter of a possible suspension (*see* Vehicle and Traffic Law § 1193 [2] [e] [7] [b]; *Pringle v Wolfe, supra* at 432). The issue regarding the propriety of a writ of prohibition distills to whether Town Court exceeded its authority and violated a clear legal right at the hearing. Evidence produced as a result of the underlying criminal matter was found by Town Court to establish a prima facie case for suspension. Having made this determination, the court perceived no further role for the prosecution and afforded respondent his right to attempt to rebut the court's findings (*see* Vehicle and Traffic Law § 1193 [2] [e] [7] [b]). The court specifically stated that this rebuttal would be limited solely to the two elements that the statute requires to be present to support suspension (i.e., an accusatory instrument in compliance with CPL 100.40 and chemical test results reflecting .10% [now .08%] or higher blood alcohol content). There is no indication in the record that Town Court was about to permit respondent to turn his right to rebuttal into an opportunity for free-wheeling discovery regarding the criminal matter or to otherwise permit a protracted hearing running amok far beyond the parameters of the narrow issues before it. While we do not comment on whether we agree with Town Court's rulings, we are nevertheless not convinced that those rulings rose to the level of acting in excess of its powers in violation of a clear legal right. Accordingly, there was no basis for issuing an order of prohibition.

The remaining issues are academic.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.