◼ In the Matter of DONALD G. SCHMITT et al., Appellants, v JOSEPH J. SKOVIRA, as Justice of the Town Court of the Town of Delhi, et al., Respondents. [862 NYS2d 167]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Coccoma, J.). entered February 5, 2008 in Delaware County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to determine, among other things, that the office of respondent Delaware County District Attorney was not authorized to participate in a hearing conducted pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7).

Petitioners were, on separate occasions, arrested and charged

in Delaware County with violating various subdivisions of Vehicle and Traffic Law § 1192. A hearing, commonly known as a *Pringle* hearing (*see Pringle v Wolfe*, 88 NY2d 426 [1996], *cert denied* 519 US 1009 [1996]), was scheduled as to each petitioner to determine whether prompt suspension of their driver's licenses was warranted (*see* Vehicle and Traffic Law § 1193 [2] [e] [7] [a], [b]).[1]

Before the *Pringle* hearings could go forward, petitioners commenced this CPLR article 78 proceeding claiming that respondent Delaware County District Attorney should not be allowed to participate in the hearings and that petitioners should be allowed to present evidence pertaining to probable cause for the stops and arrests, as well as the operation and accuracy of the instruments used to determine their blood alcohol levels. Supreme Court stayed both *Pringle* hearings pending its determination of the issues raised in the petition. The court ultimately dismissed the petition on the merits, and this Court denied petitioners' subsequent request for a stay pending appeal.

Petitioners contend that (1) the refusal of respondent Town Justices to allow petitioners to present evidence concerning probable cause and the instruments used to determine their blood alcohol content was affected by an error of law and/or arbitrary and capricious and/or an abuse of discretion (*see* CPLR 7803 [3]), (2) the Town Justices failed to perform a duty enjoined upon them by law by failing to disqualify the District Attorney or any member of his staff from participating in their *Pringle* hearings (*see* CPLR 7803 [1]), and (3) the District Attorney proceeded or is about to proceed without or in excess of his jurisdiction by participating in the *Pringle* hearings as an advocate supporting suspension of petitioners' licenses (*see* CPLR 7803 [2]).[2]

Initially, we note that preconviction license suspension

---

1. For a court to suspend a driver's license pending criminal prosecution, it must find that the accusatory instrument conforms to the requirements of CPL 100.40 and that reasonable cause exists to believe that the holder operated a motor vehicle with a blood alcohol level of at least .08 of one percent as evidenced by the results of a chemical test (*see* Vehicle and Traffic Law § 1193 [2] [e] [7] [b]).

2. Supreme Court considered and rejected petitioners' argument that the Town Justices proceeded or were about to proceed without or in excess of their jurisdiction by conducting the *Pringle* hearings while allowing the District Attorney to participate as an advocate supporting suspension. Because petitioners have not briefed that argument on appeal, we deem it abandoned (*see Matter of Lautenschuetz v AP Greene Indus., Inc.*, 48 AD3d 948, 950 n 2 [2008]).

procedures are civil administrative proceedings (*see Matter of Barnes v Tofany*, 27 NY2d 74, 77-78 [1970]; *Matter of Smith v County Ct. of Essex County*, 224 AD2d 89, 91-92 [1996], *lv denied* 89 NY2d 807 [1997]; *see generally Pringle v Wolfe, supra*). As such, and of particular relevance to petitioners' evidentiary arguments, only final determinations of the factfinder are subject to CPLR 7803 (3) review (*see* CPLR 7801 [1]). For a determination to be final, the decisionmaker must have "arrived at a definitive position on the issue that inflicts an actual, concrete injury" (*Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998] [internal quotation marks and citations omitted]). "If further agency proceedings might render the disputed issue moot or academic, then the agency position cannot be considered 'definitive' or the injury 'actual' or 'concrete' " (*id.* at 454). In this case, the final suspension determinations in petitioners' *Pringle* hearings could render the evidentiary issues academic; accordingly, those issues are not ripe for review in this proceeding (*see Matter of Demers v New York State Dept. of Envtl. Conservation*, 3 AD3d 744, 746 [2004]).

Turning to petitioners' contention that the Town Justices failed to perform a duty enjoined upon them by law by failing to disqualify the District Attorney or any member of his staff from participating in their *Pringle* hearings, we note that this claim is in the nature of mandamus to compel (*see* CPLR 7803 [1]). Mandamus to compel is available "only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law" (*New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]; *see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]). Here, petitioners have identified no statutory or decisional mandate which imposes a duty upon the Town Justices to prohibit the District Attorney from participating in a *Pringle* hearing. Accordingly, mandamus to compel does not lie against the Town Justices.

Finally, petitioners argue that, as a public prosecutor, the District Attorney has only those powers designated by statute, and the Legislature has not authorized public prosecutors to participate in *Pringle* hearings. They further contend that such authority cannot be inferred by necessary implication, since a *Pringle* hearing is independent of, and unrelated to, the criminal action in that the results of one will not affect the outcome of the other. Thus, petitioners assert that by participating in their *Pringle* hearing, the District Attorney would be acting in excess of his authorized powers. In that regard, petitioners seek relief in the nature of prohibition (*see* CPLR 7803 [2]).

A public prosecutor acting in his or her prosecutorial capacity may be subject to prohibition under proper circumstances (*see Matter of Haggerty v Himelein,* 89 NY2d 431, 435 [1997]; *Matter of Dondi v Jones,* 40 NY2d 8, 13 [1976]). However, "the extraordinary remedy of prohibition lies only where there is a clear legal right and only when the body or officer 'acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction' " (*Matter of Dondi v Jones,* 40 NY2d at 13, quoting *Matter of State of New York v King,* 36 NY2d 59, 62 [1975]). Even where these criteria are met, courts apply the remedy of prohibition sparingly. "Use of the writ is, and must be, restricted so as to prevent incessant interruption of pending judicial proceedings by those seeking collateral review of adverse determinations made during the course of those proceedings" (*Matter of Rush v Mordue,* 68 NY2d 348, 353 [1986]; *see Matter of Heckstall v Mc-Grath,* 15 AD3d 824, 825 [2005]). To that end, "[p]rohibition does not issue as of right, but only in the sound discretion of the court" (*Matter of Dondi v Jones,* 40 NY2d at 13; *see Matter of Schumer v Holtzman,* 60 NY2d 46, 51 [1983]) after consideration of factors "such as the gravity of the harm caused by the excess of power [and] the availability or unavailability of an adequate remedy on appeal or at law or in equity" (*Matter of Dondi v Jones,* 40 NY2d at 13; *see Matter of Rush v Mordue,* 68 NY2d at 354; *Matter of Law Offs. of Andrew F. Capoccia v Spitzer,* 270 AD2d 643, 645 [2000], *lv denied* 95 NY2d 755 [2000]).

In this case, we are not persuaded that petitioners have a *clear legal right* to prohibition. Although we acknowledge that a public prosecutor's authority is restricted to the powers and duties "conferred by the Legislature, either expressly or by necessary implication" (*Czajka v Breedlove,* 200 AD2d 263, 265 [1994], *lv denied* 84 NY2d 809 [1994]; *see Matter of B.T. Prods. v Barr,* 44 NY2d 226, 236 [1978]), petitioners have not presented any existing provision of statutory or decisional law that prohibits public prosecutors from participating in *Pringle* hearings (*cf. Matter of Haggerty v Himelein,* 89 NY2d at 437); accordingly, absent a clear legal right to relief, prohibition does not lie (*see id.; Matter of Broome County Dist. Attorney's Off. v Meagher,* 8 AD3d 732, 734 [2004], *lv denied* 3 NY3d 612 [2004]).[3] Furthermore, even if we were to find that a clear legal right

---

3. We do not comment on the merits of petitioners' contention that a public prosecutor's participation in a *Pringle* hearing would be an act in excess of his or her jurisdiction.

existed, we, would conclude, in the exercise of our discretion, that the extraordinary remedy of prohibition is nonetheless not warranted given the gravity of the harm imposed—a temporary license suspension which is subject to hardship relief (*see* Vehicle and Traffic Law § 1193 [2] [e] [7] [d], [e])—and the availability of judicial review upon a final determination (*see* CPLR 7803 [3]).

For the foregoing reasons, the petition was properly dismissed.

Mercure, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.