[871 NYS2d 760]

In the Matter of Charles C. Vanderminden, Appellant, v Richard P. Tarantino, as Judge of the City Court of the City of Glens Falls, et al., Respondents.

Third Department, January 15, 2009

**APPEARANCES OF COUNSEL**

*Gerstenzang, O'Hern, Hickey & Gerstenzang*, Albany (*Eric H. Sills* of counsel), for appellant.

*Andrew M. Cuomo, Attorney General*, Albany (*Owen Demuth* of counsel), for Richard P. Tarantino, respondent.

*Kathleen B. Hogan, Warren County District Attorney*, Lake George (*Kevin P. Donlon* of counsel), for Warren County District Attorney, respondent.

*James A. Murphy III, President, New York State District Attorneys Association*, Mineola, for New York State District Attorneys Association, amicus curiae.

**OPINION OF THE COURT**

CARDONA, P.J.

Petitioner, the holder of a Vermont driver's license, was arrested in Warren County for driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [2], [3]). The results of a breath test administered shortly thereafter indicated that his blood alcohol content (hereinafter BAC) was .14%. Following a *Pringle* hearing (*Pringle v Wolfe*, 88 NY2d 426 [1996], *cert denied* 519 US 1009 [1996]), respondent Judge of the City Court of the City of Glens Falls (hereinafter respondent) found reasonable cause to believe that petitioner had operated a motor vehicle while having a BAC higher than .08% and, in accordance with the mandatory provisions of Vehicle and Traffic Law § 1193 (2) (e) (7), commonly known as the prompt suspension law, suspended petitioner's license pending prosecution.[1] Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to reverse or vacate the suspension order. Supreme Court dismissed the petition, resulting in this appeal.

■ Initially, although this appeal is concededly moot because the underlying criminal charge has been resolved and the suspension order is no longer in effect,[2] we agree with petitioner that this case falls within the exception to the mootness doctrine. Some of the legal issues of statutory interpretation pre-

---

1. The prompt suspension law provides that a court shall suspend the driver's license, pending prosecution, of any person charged with a violation of Vehicle and Traffic Law § 1192 (2), (2-a), (3) or (4-a) who, at the time of arrest, is alleged to have had a BAC of .08% or higher as shown by chemical analysis (*see* Vehicle and Traffic Law § 1193 [2] [e] [7] [a]).

2. Petitioner pleaded guilty to a violation of Vehicle and Traffic Law § 1192 (2) and was sentenced to a one-year conditional discharge and a fine. His sentence has been served.

sented herein—in particular, the scope of a *Pringle* hearing— arise frequently in the courts and are likely to evade review given that pretrial suspension orders terminate when the criminal case is resolved (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of Avella v Batt*, 33 AD3d 77, 80 [2006]). Accordingly, we address the merits.

 The threshold question is whether petitioner, as the holder of a Vermont license, was subject to the prompt suspension law (*see* Vehicle and Traffic Law § 1193 [2] [e] [7]).[3] Petitioner contends that because the statute authorizes the suspension of a driver's *license* but does not specifically refer to an out-of-state licensee's *driving privileges*, the statute applies only to holders of New York licenses. We do not agree. As noted by the Court of Appeals, Vehicle and Traffic Law article 31, of which section 1193 is a part, is "a tightly and carefully integrated statute the sole purpose of which is to address drunk driving" (*People v Prescott*, 95 NY2d 655, 659 [2001]). Within the statutory scheme, section 1193 contains the exclusive criminal penalties and civil sanctions applicable to drunk driving offenses (*see id.* at 661), including the prompt suspension provision that is intended to keep potentially dangerous drivers off New York's roadways while their criminal charges are adjudicated (*see Pringle v Wolfe*, 88 NY2d at 435; Governor's Approval Mem, Bill Jacket, L 1994, ch 312, at 6). The role of that provision would be undermined, and its application rendered arbitrary, if it is interpreted to allow the holder of an out-of-state license to continue driving in New York when, under the same circumstances, the holder of a New York license would be prohibited from driving. Given the comprehensive nature and remedial purpose of article 31, we do not believe the Legislature intended such an anomalous result. Accordingly, we construe Vehicle and Traffic Law § 1193 (2) (e) (7) as authorizing a court to suspend the driving privileges of an out-of-state licensee under the same circumstances as would justify suspending a New York license.

---

3. Although petitioner raised this issue at his *Pringle* hearing, respondents correctly note that he did not raise it in his CPLR article 78 petition. In any event, because the applicability of the statute under these circumstances "is an issue of law which appeared upon the face of the record and could not have been avoided by [respondents] if brought to [their] attention at the proper time," we find that the issue is reviewable on this appeal (*State of New York v U.W. Marx, Inc.*, 209 AD2d 784, 785 [1994]; *see Matter of Village of Westbury v Straehle*, 307 AD2d 931, 932 [2003], *appeal dismissed* 100 NY2d 629 [2003]; *Matter of Daubman v Nassau County Civ. Serv. Commn.*, 195 AD2d 602, 603 [1993]).

■ As relevant to petitioner's remaining arguments, which pertain to the scope and conduct of his *Pringle* hearing, we begin by noting that the prompt suspension law provides that, in order for the court to issue a suspension order, it must find that (1) the accusatory instrument conforms with CPL 100.40, and (2) reasonable cause exists to believe that the driver operated a motor vehicle with ".08 of one percent or more by weight of alcohol in his or her blood as was shown by chemical analysis of such person's blood, breath, urine or saliva" (Vehicle and Traffic Law § 1193 [2] [e] [7] [b]). Where such an initial determination is made, Vehicle and Traffic Law § 1193 (2) (e) (7) further provides that the driver "shall be entitled to an opportunity to make a statement regarding the[se ] [two] issues and to present evidence tending to rebut the court's findings" (Vehicle and Traffic Law § 1193 [2] [e] [7] [b]).

In this case, respondent determined that the simplified information complied with CPL 100.40 and that, based upon the certified breath test results, as well as the arresting officer's supporting deposition, there was reasonable cause to believe that petitioner had a BAC of .08% or more while operating a motor vehicle. Therefore, respondent made the necessary preliminary findings to issue a suspension order.

In rebuttal, petitioner called three police witnesses and attempted to question them regarding the calibration of the breath test device, the administration of the test, and matters relating to probable cause for petitioner's arrest. Respondent precluded any questioning relating to the calibration and maintenance of the breath device as well as to probable cause for the arrest, concluding that such matters were outside the scope of a *Pringle* hearing.

We are not persuaded by petitioner's contention that his due process rights were violated by respondent's rulings. While issues pertaining to the lawfulness of the police stop, probable cause for arrest, and whether the breath test device was working properly at the time of the test are relevant to the admissibility of breath test results at a criminal trial (*see People v Freeland*, 68 NY2d 699, 700 [1986]), and may ultimately bear on the determination of criminal culpability, they are beyond the scope of a *Pringle* hearing. Significantly, a *Pringle* hearing is a civil administrative proceeding (*see Matter of Schmitt v Skovira*, 53 AD3d 918, 919-920 [2008]) which runs parallel to the criminal proceedings. It is not a plenary hearing requiring the same level of due process protection as a criminal trial (*see*

*Pringle v Wolfe*, 88 NY2d at 435), nor is it "an opportunity for free-wheeling discovery regarding the criminal matter" (*Matter of Broome County Dist. Attorney's Off. v Meagher*, 8 AD3d 732, 734 [2004], *lv denied* 3 NY3d 612 [2004]). Indeed, as the Court of Appeals has observed, to "convert the license suspension proceeding into a trial on the merits of the underlying criminal charge . . . would be prohibitively expensive and cumbersome, and would subvert the State's compelling interest in promoting highway safety" (*Pringle v Wolfe*, 88 NY2d at 435 [citation omitted]). For these reasons, we agree with Supreme Court that respondent appropriately limited petitioner's inquiry.

Petitioner also claims that respondent could not properly suspend his license because respondent did not have before him documentary evidence that the breath test device was in proper working order. However, such documentation is not required at a *Pringle* hearing. While suspension may not be ordered unless the court has in its possession the certified, documented results of a chemical test (*see id.* at 432), neither case law nor the prompt suspension statute specifically requires more (*compare* Vehicle and Traffic Law § 1193 [2] [e] [7], *with* Vehicle and Traffic Law § 1194-a [1]).

Petitioner's remaining contentions have been considered and found to be unpersuasive.

Lahtinen, Kane and Kavanaugh, JJ., concur.

Ordered that the judgment is affirmed, without costs.