OPINION OF THE COURT
Jeffrey D. Wait, J.
Defendant in this matter first appeared for arraignment on March 17, 2009. The arraignment was adjourned, however, in order for defendant to appear with counsel at a hearing, a so-called Pringle hearing (see Pringle v Wolfe, 88 NY2d 426 [1996]), to determine whether his license was subject to suspension *661 pending prosecution. The defendant thereafter sought a further adjournment of the hearing, until such time as the sergeant who administered the breath test could be subpoenaed to testify. Defendant’s position, as stated in a letter to the court, was that the testimony of the administering officer was permitted in the city court hearing in Matter of Vanderminden v Tarantino (60 AD3d 55 [2009]), that it was not thereafter a contested issue upon the appeal, and that it was, therefore, a proper subject of inquiry at the Pringle hearing. The court granted this further adjournment, but thereafter concluded, in a letter to counsel, that the Appellate Division had not held that testimony concerning the administration of the breath test was proper. In support of its conclusion this court noted that Supreme Court, in the decision appealed from in Vanderminden, had considered all questioning relating to the breath test — from the calibration and functioning of the equipment to the manner of administration — to be “beyond the scope of the lower court proceeding.”
When defendant subsequently appeared for the Pringle hearing, counsel went beyond the initial argument and suggested that the Third Department in Vanderminden had expressly endorsed the hearing court’s apparent inclusion of testimony concerning the administration of the breath test and had, thereby, established the parameters of a Pringle hearing. In this regard defendant completely dismissed, as irrelevant and immaterial, Supreme Court’s conclusion that all three areas of inquiry addressed at the hearing were outside the scope of a Pringle hearing.
During the course of defendant’s hearing the court determined that the simplified information complied with CPL 100.40 and that, based upon the certified breath test results, as well as the arresting officer’s supporting deposition, there was reasonable cause to believe that defendant had a blood alcohol content of .08% or more while operating a motor vehicle. The court did not then suspend defendant’s license, however, but instead adjourned the proceeding in order to further consider whether defendant should be entitled to call as a witness the officer who administered the breath test.
Having now had an opportunity to review the record on appeal in Vanderminden, including the transcript of the initial hearing, I find defendant’s arguments to be without merit. As counsel is well aware, the hearing court in Vanderminden merely allowed some initial questioning concerning the administration of the breath test, but then promptly and unequivocally *662 ruled that it was outside the scope of the hearing. Counsel objected, and then in the subsequent CPLR article 78 proceeding specifically argued that it had been improper for the hearing court to have “expressly precluded [defendant] from inquiring into topics [such as] whether [defendant’s] breath test was properly administered.” This was the record before Supreme Court, it was the record before the Appellate Division, and it thoroughly undermines the interpretation of Vanderminden urged by counsel in this matter. In other words, to whatever extent the decision in Vanderminden might have otherwise been read to somehow approve of such testimony, the validity of that reading is quickly dispelled if considered, as it can and should be, in the context of the record on appeal.
This court agrees that the testimonial preclusion should apply to all three areas of inquiry. First, there does not appear to be any material difference, in the context of a Pringle hearing, between testimony as to calibration and functioning of the equipment and testimony as to the administration of the test. Second, not only is a Pringle hearing a civil administrative proceeding that requires less due process protection than a criminal proceeding, but to allow the exception sought here to become the general rule would result in the very subversion of the State’s compelling interest the Court of Appeals sought to avoid in Pringle. Moreover, “[w]hile suspension may not be ordered unless the court has in its possession the certified, documented results of a chemical test, neither case law nor the prompt suspension statute specifically requires more.” (Vanderminden, 60 AD3d at 60 [citations omitted].) Finally, and as noted by the Court of Appeals, “the impact of the license suspension is tempered by its limited duration and the availability of relief from its terms” — including the right to seek a hardship privilege immediately upon the suspension of the license. (Pringle v Wolfe, 88 NY2d 426, 433 [1996].) Regardless of this court’s view, however, there is a clear and compelling reason to find that the Vanderminden decision establishes that an officer’s testimony concerning the administration of a breath test is outside the parameters of a Pringle hearing. Accordingly, the request to have Sergeant Mitchell testify at defendant’s Pringle hearing must be denied.
Defendant’s motion to have the charges against defendant dismissed is likewise denied. The defendant appeared in court on the date indicated on the uniform tickets issued to him. Rather than be arraigned and have his license suspended pursu *663 ant to the prompt suspension law, however, the arraignment was adjourned until defendant had an opportunity to appear with counsel — and the defendant kept his license. It is now argued that the court never had jurisdiction over the defendant when he appeared, and that the court could not, therefore, require his reappearance. This argument is based on the fact that the ticket in the court’s file at the time of defendant’s appearance was a uniform traffic ticket rather than a simplified information. As it turns out, the simplified information had been prepared by the officer and transmitted by the police department to the court before the return date, but the printing of it by the court clerk was simply delayed, so it was not yet physically in the paper file that morning. Had the court recognized that the simplified information was not in the file when defendant’s case was called, it would have been printed then and this issue would not have arisen. Defendant’s argument is a hypertechnical one that unjustifiably elevates form over substance, no rights of the defendant having been implicated, and so it is an argument with which the court does not agree.