In the Matter of OTIS B. SCHERMERHORN JR., Petitioner, v CARL F. BECKER, as Judge of the County Court of Delaware County, et al., Respondents. [883 NYS2d 325]—

Stein, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, among other things, review a determination of respondent County Judge of Delaware County suspending petitioner's driver's license.

Petitioner was arrested in the Village of Stamford, Delaware

County for driving while intoxicated (hereinafter DWI). According to the results of a breath test administered shortly thereafter, petitioner's blood alcohol content was .15%. Petitioner was initially arraigned in Village Court on a simplified traffic information charging him with the misdemeanor offenses of per se and common-law DWI (*see* Vehicle and Traffic Law § 1192 [2], [3]; *see also* Vehicle and Traffic Law § 1193 [1] [b]). No prompt suspension hearing was held at the time of his arraignment and petitioner's driver's license was, therefore, not suspended at that time (*see* Vehicle and Traffic Law § 1193 [2] [e] [7]; *Pringle v Wolfe*, 88 NY2d 426 [1996], *cert denied* 519 US 1009 [1996]).

Petitioner was subsequently indicted by a grand jury for the same misdemeanors (*see* CPL 170.20) and was arraigned on the indictment by respondent County Judge of Delaware County (hereinafter respondent). Just as respondent was about to conclude the arraignment proceeding, respondent Richard D. Northrup Jr., the Delaware County District Attorney, pointed out that petitioner's driver's license had not yet been suspended and that any suspension was required to be made prior to "the conclusion of all proceedings required for . . . arraignment" (Vehicle and Traffic Law § 1193 [2] [e] [7] [b]), if the requisite findings were made. Following a brief exchange among the parties, respondent summarily determined that a prompt suspension hearing was not required and suspended petitioner's driver's license pending prosecution. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, seeking a judgment annulling respondent's determination to suspend his driver's license without a hearing and determining, among other things, that Northrup exceeded his jurisdiction by advocating for such suspension. Also raised in this proceeding is the applicability of the prompt suspension law in the context of a postindictment arraignment and the appropriate scope of a *Pringle* hearing.

Initially, we note that because the indictment against petitioner was dismissed following the commencement of this proceeding—thereby terminating the temporary suspension of his license—this matter is moot (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Matter of King v Jackson*, 52 AD3d 974, 975 [2008]). Thus, we may not proceed to address the merits unless the exception to the mootness doctrine applies (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714; *Matter of NRG Energy, Inc. v Crotty*, 18 AD3d 916, 918-920 [2005]). We find the exception to be supported by the record only with regard to the issue of whether a district attorney may participate in a *Pringle* hearing.

The exception to the mootness doctrine exists only where all of the following circumstances are present: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715; *see Matter of NRG Energy, Inc. v Crotty*, 18 AD3d at 920). The prompt suspension law is implicated every time a person is arrested for DWI in violation of Vehicle and Traffic Law § 1192 (2), (2-a), (3) or (4-a) and is alleged to have had a blood alcohol level of .08% or more as indicated by a chemical test (*see* Vehicle and Traffic Law § 1193 [2] [e] [7] [a], [b]). Given the temporary nature of prompt suspension of a driver's license in the context of a DWI charge, the issues presented herein are all likely to evade appellate review (*see Matter of Vanderminden v Tarantino*, 60 AD3d 55, 57-58 [2009], *lv denied* 12 NY3d 708 [2009]). In addition, while all of the issues raised by petitioner are substantial and important, only two—the role of a district attorney and the applicability of the prompt suspension law to postindictment arraignments—are novel. The third issue—the nature and scope of the *Pringle* hearing—has previously been addressed (*see Pringle v Wolfe*, 88 NY2d at 434-435; *Matter of Vanderminden v Tarantino*, 60 AD3d at 58) and, therefore, does not fall within the exception. Likewise, inasmuch as the record does not support a finding that the prompt suspension law's applicability to a postindictment arraignment is an issue that is likely to recur,[1] this issue also does not fall within the exception.

Turning to the merits of the one issue that falls within the exception to the mootness doctrine, petitioner argues that Northrup impermissibly participated in the proceedings concerning the temporary suspension of his license. We are unpersuaded. The office of district attorney is a statutory creation and its powers and duties are therefore limited to those

1. Although the prosecution of DWI offenses by indictment is not uncommon (*see e.g. People v Emerson*, 42 AD3d 751 [2007]), most DWI defendants are ordinarily arrested without a warrant following a roadside stop. CPL 140.20 (1) requires that such person be promptly brought before a local criminal court on a local criminal court accusatory instrument (*see People ex rel. Maxian v Brown*, 77 NY2d 422, 426-427 [1991]; *see also* CPL 100.05, 100.10). However, the matter may later be divested to superior court by means of an indictment (*see* CPL 170.20 [1]). Thus, prompt suspension at a postindictment arraignment would apply only in an exceedingly rare case, such as where (as in this case) the local criminal court fails to conduct a hearing prior to the completion of the arraignment on the local criminal court accusatory instrument. There is nothing in the record before us in this case to indicate that this situation is likely to recur.

conferred by the Legislature (*see Czajka v Breedlove*, 200 AD2d 263, 265 [1994], *lv denied* 84 NY2d 809 [1994]). As pertinent here, County Law § 700 (1) authorizes a district attorney "to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed" (County Law § 700 [1]; *see Czajka v Breedlove*, 200 AD2d at 265). That statute does not explicitly establish a role for the district attorney in civil or administrative proceedings.

The prompt suspension law (*see* Vehicle and Traffic Law § 1193 [2] [e] [7]) "*mandates* that before the conclusion of all proceedings necessary for arraignment, the Judge *must* suspend the driver's license of a person charged with [DWI] upon determining that the accusatory instrument is sufficient on its face and finding reasonable cause to believe that the driver operated a motor vehicle with a blood alcohol level in excess of [.08] of 1% as evidenced by the results of a chemical test" (*Pringle v Wolfe*, 88 NY2d at 429-430 [emphasis added]). Thus, under the statutory scheme, the accusatory instrument charging a person with DWI not only commences a criminal proceeding, but also serves to trigger the concomitant mandate that the court expeditiously conduct a *Pringle* hearing (*see* Vehicle and Traffic Law § 1193 [2] [e] [7]). We have recently recognized that a *Pringle* hearing is a civil administrative proceeding separate and apart from the underlying criminal prosecution, but which runs parallel thereto (*see e.g. Matter of Vanderminden v Tarantino*, 60 AD3d at 59-60; *Matter of Schmitt v Skovira*, 53 AD3d 918, 919-920 [2008]). As such, a *Pringle* hearing that is not kept closely confined to its statutorily prescribed parameters could necessarily have an effect on the criminal proceeding which it accompanies (*see Matter of Vanderminden v Tarantino*, 60 AD3d at 59-60; *see also Pringle v Wolfe*, 88 NY2d at 435).

In the current case, no *Pringle* hearing was held. Northrup merely reminded County Court of the prompt suspension law requirement and offered to hand the court the original of the breathalyzer test result. Indeed, consistent with the clear purpose of preventing a prompt suspension hearing from being converted to "an opportunity for free-wheeling discovery" (*Matter of Vanderminden v Tarantino*, 60 AD3d at 60 [internal quotation marks and citations omitted]; *cf. Pringle v Wolfe*, 88 NY2d at 435), a district attorney's role under the statute seemingly would not ordinarily need to exceed such limited participation.[2]

In fact, Vehicle and Traffic Law § 1193 (2) (e) (7) (b) provides

---

**2.** This is not to suggest that a district attorney could not comment in the event that defense counsel attempted to markedly expand the narrow scope

*(n. cont'd)*

that, if the underlying chemical test establishing blood alcohol content is not available at the first appearance in court by the accused, then "the complainant police officer or *other public servant* shall transmit such results to the court at the time they become available" (emphasis added). Since a district attorney is a public servant (*see* CPL 1.20 [31]; Penal Law § 10.00 [15]; *Matter of Katherine B. v Cataldo*, 5 NY3d 196, 203 n 5 [2005]), his or her limited role at a *Pringle* hearing is by "necessary implication" (*Czajka v Breedlove*, 200 AD2d at 265; *see Matter of Schmitt v Skovira*, 53 AD3d at 921). Thus, while a district attorney clearly does not hold the status of a party in a *Pringle* hearing, Northrup's participation herein did not exceed his authority and was entirely appropriate. Accordingly, petitioner is not entitled to the relief requested (*see* CPLR 7803 [1], [2]).

Spain, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Adjudged that the petition is dismissed, without costs.

---

and purpose of the *Pringle* hearing (*see Matter of Vanderminden v Tarantino*, 60 AD3d at 59-60). Nor do we suggest that a district attorney's presence at a *Pringle* hearing is required.