██ In the Matter of GAIL C. CRANDALL, Appellant, v RONALD L. BROVETTO, as Justice of the Town Court of the Town of Harpersfield, et al., Respondents. [891 NYS2d 761]—

Kavanagh, J.

In the early morning hours of January 26, 2008, two State Troopers observed petitioner lose control of her vehicle and drive off the side of the roadway. She subsequently submitted to a breathalyzer examination that resulted in a blood alcohol level reading of .11%. During her prosecution for driving while intoxicated, petitioner moved for an order requiring the prosecution to produce certain documents compiled in connection with the operation of the breathalyzer and sought a pretrial hearing to determine the reliability of the breathalyzer test. In that regard, petitioner specifically sought an order requiring respondent Delaware County District Attorney to provide the "source code" for the machine that was used to administer the breathalyzer examination. Respondent Town Justice of the Town of Harpersfield (hereinafter respondent) denied petitioner's motion in its entirety, as well as her motion to reargue/renew.

Thereafter, petitioner commenced this CPLR article 78 proceeding alleging, among other things, that respondent's denial of her request for information regarding the breathalyzer and, in particular, her request for the machine's source code constituted a failure to perform a required duty (see CPLR 7803 [1]) and was affected by an error in law (see CPLR 7803 [3]).* Supreme Court dismissed the petition and denied her subsequent motion to reargue/renew, prompting this appeal.

Supreme Court's decision dismissing this petition was based on its conclusion that respondent's determination denying petitioner's request for discovery during the criminal proceeding was not an issue that could properly be reviewed in a proceeding brought under CPLR article 78. We agree. Here, petitioner seeks a writ of mandamus not to compel respondent to perform a clerical or ministerial act but, instead, to obtain review of his discretionary judicial determination denying her request for pretrial discovery (see CPLR 7801 [2]; *Matter of Dayton v Campbell*, 64 AD3d 955, 956 [2009], *lv denied* 13 NY3d

---

* Petitioner also challenged the propriety of respondent permitting the District Attorney to participate in the license suspension hearing (see Vehicle and Traffic Law § 1193 [2] [e] [7]; *Pringle v Wolfe*, 88 NY2d 426 [1996], *cert denied* 519 US 1009 [1996]). Given the decisions recently issued by this Court on this issue (see *Matter of Schermerhorn v Becker*, 64 AD3d 843, 845 [2009]; *Matter of Vanderminden v Tarantino*, 60 AD3d 55, 59-60 [2009], *lv denied* 12 NY3d 708 [2009]), petitioner has abandoned this claim on this appeal.

708 [2009]; *see also Matter of Goetz v Crane*, 111 AD2d 729, 730 [1985], *lv denied* 65 NY2d 609 [1985]; *compare Matter of Sacket v Bartlett*, 241 AD2d 97, 101 [1998], *lv denied* 92 NY2d 806 [1998] [the People were permitted to challenge a court's "grant of discovery exceeding statutory or constitutional bounds" through an CPLR article 78 proceeding]).

In that regard, the Court of Appeals has held that the extraordinary writ of mandamus "do[es] not lie for interlocutory relief which operates to disrupt the normal progress of a pending criminal action. It is well settled that mandamus is not available to remedy or prevent trial errors. Sound principles of judicial administration require that their correction be left to the normal avenues of appellate review" (*Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]; *see* CPLR 7801; *Matter of State of New York v King*, 36 NY2d 59, 62-65 [1975]). Petitioner's challenge to these decisions by respondent can be fully raised and litigated in a direct appeal from any judgment of conviction that might subsequently be entered. As such, we see no reason to "encumber [the] criminal proceedings with collateral, interlocutory actions, disruptive of the normal progress of pending charges" (*Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d at 17).

As a result, we do not reach petitioner's claims regarding whether the source codes from the breathalyzer were discoverable.

Peters, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment and order are affirmed, without costs. **[Prior Case History: 21 Misc 3d 1116(A), 2008 NY Slip Op 52079(U).]**