Egan Jr., J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent County Judge of Columbia County from enforcing an order which, among other things, disqualified petitioner and his staff from further prosecuting a criminal case against respondent Nicholas Fox and appointed a special district attorney.
A defendant in a criminal case should not find himself or herself in the unenviable position of being prosecuted by the former judge who had earlier presided over the case. Judiciary Law § 17 bars such a practice and petitioner’s application should be dismissed.
In April 2010, respondent Nicholas Fox was charged with various crimes in Columbia County. Petitioner, then a County Judge of Columbia County, thereafter presided over certain preliminary aspects of Fox’s criminal case, including the initial arraignment, the subsequent arraignment upon the superceding indictment, a motion by the Columbia County Public Defender’s office to disqualify itself and the unsealing of a search warrant. In May 2011, petitioner resigned from the bench to seek the office of District Attorney of Columbia County and, in November 2011, was duly elected to that position. Accordingly, upon taking office in January 2012, petitioner assumed responsibility for Fox’s criminal prosecution.
In May 2012, Fox moved before petitioner’s successor, respondent Richard Koweek, as County Judge of Columbia County (hereinafter respondent), seeking to disqualify petitioner and his staff and to appoint a special district attorney. Respondent granted Fox’s application, finding that Judiciary Law § 17 mandated petitioner’s disqualification as a matter of law and appointed the District Attorney of Greene County as special district attorney in the underlying criminal proceeding. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to vacate respondent’s order of disqualification.[1]
Preliminarily, to the extent that Fox contends that respondent’s actions are not reviewable in the context of a CPLR article 78 proceeding in the nature of prohibition, we need note *1138 only that this very argument was considered and rejected by a majority of this Court in Matter of Soares v Herrick (88 AD3d 148, 152 [2011]). Fox’s related claim — that petitioner lacks legal capacity to commence this proceeding — is equally unavailing. To be sure, a district attorney is not expressly authorized by statute to commence a CPLR article 78 proceeding and, indeed, is limited to exercising only those powers “ ‘conferred by the Legislature, either expressly or by necessary implication’ ” (Matter of Schmitt v Skovira, 53 AD3d 918, 921 [2008], quoting Czajka v Breedlove, 200 AD2d 263, 265 [1994], lv denied 84 NY2d 809 [1994]; see Matter of Schermerhorn v Becker, 64 AD3d 843, 845-846 [2009]). However, County Law § 700 (1) provides, in relevant part, that “it shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed.” To our analysis, the capacity to commence a proceeding against a body or officer who frustrates the discharge of that statutory duty may be inferred by necessary implication (see generally Silver v Pataki, 96 NY2d 532, 537 [2001]; Matter of People v Christensen, 77 AD3d 174, 187-188 [2010]; Matter of Town of Riverhead v New York State Dept. of Envtl., 50 AD3d 811, 812 [2008]).
Nor are we persuaded that this Court lacks personal jurisdiction over Fox due to certain alleged defects in service. Simply put, Fox subjected himself to the jurisdiction of this Court by moving to intervene in this proceeding (compare Jacobs v Jacobs, 229 AD2d 712, 714 [1996]) and lacks standing to challenge the propriety of the service effectuated upon respondent (see generally Matter of Defreestville Area Neighborhoods Assn., Inc. v Tazbir, 23 AD3d 70, 73 [2005], lv denied 5 NY3d 711 [2005]; Home Sav. of Am. v Gkanios, 233 AD2d 422, 423 [1996]). Finally, as there has been no showing that the District Attorney of Greene County may be inequitably affected by the outcome of this proceeding or that complete relief cannot be accorded to the parties in his absence (see CPLR 1001 [a]), the failure to join him as a party does not compel dismissal.
Turning to the merits, the relevant inquiry is not — as petitioner suggests — whether he is “compromised in the potential vigor with which he will represent the People” in the criminal prosecution against Fox or, alternatively, “whether he is possessed of privileged information” that would give the People “an unfair advantage” in connection therewith. Rather, the sole question to be resolved by this Court is whether Judiciary Law § 17 permits petitioner to appear as a district attorney in the underlying criminal proceeding in the first instance. In our view, he may not.
*1139 To be sure, and as this Court previously has acknowledged, a “district attorney is a constitutional officer, chosen by the electors of his or her county to prosecute all crimes and offenses, who enjoys wide latitude and discretion to allocate and use both the staff and resources of the office in a manner believed to be most effective to the discharge of his or her duties” (Matter of Soares v Herrick, 88 AD3d at 153). Petitioner’s status as a constitutional officer, however, does not render him immune from the Rules of Professional Conduct or, more to the point, Judiciary Law § 17, which provides that “[a] judge or surrogate or former judge or surrogate shall not act as attorney or counsellor in any action, claim, matter, motion or proceeding, which has been before him [or her] in his [or her] official character” (emphasis added). The statute, to our reading, could not be more clear and plainly operates to disqualify petitioner, who previously presided — as County Judge of Columbia County— over various aspects of Fox’s criminal case, from prosecuting that same matter in his new capacity as District Attorney of Columbia County. To the extent that petitioner argues that “the unique characteristics of the role and duties of a prosecutor” trump the plain language of — and the ethical and policy considerations underlying — Judiciary Law § 17, we are not persuaded. Notably, had the Legislature wished to carve out an exception for district attorneys (or any other constitutional officer, for that matter), it surely could have done so. Absent such qualifying or limiting language, the statutory prohibition is absolute and mandates petitioner’s disqualification as District Attorney in Fox’s criminal prosecution.[2]
Because we are of the view that Judiciary Law § 17 establishes a bright-line disqualification rule, we need not consider whether Fox has suffered, or may suffer, any actual prejudice or risk thereof as a result of petitioner’s representation of the People or whether, in the absence of any such prejudice, the mere appearance of impropriety would be sufficient to warrant petitioner’s removal as a matter of law. As the prohibition set forth in Judiciary Law § 17 is absolute, analysis of these issues is neither required nor appropriate. The parties’ remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
*1140 Lahtinen, J.E, Stein and Garry, JJ., concur. Adjudged that the petition is dismissed, without costs.

. Respondent elected not to appear (see CPLR 7804 [i]), and this Court subsequently granted Fox’s motion to intervene and denied petitioner’s application for a stay pending resolution of this proceeding.

. To the extent that petitioner relies upon this Court’s prior decision in Matter of Soares v Herrick and the Court of Appeals’ decision in Matter of Schumer v Holtzman (60 NY2d 46 [1983]), neither of those cases dealt with the issue now squarely before us — namely, whether Judiciary Law § 17, on its face, prohibits petitioner, as a former judge in the underlying criminal action, from now serving as District Attorney in that same matter.