Matter of Jablonski v Carter (2018 NY Slip Op 04619)





Matter of Jablonski v Carter


2018 NY Slip Op 04619


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525583

[*1]In the Matter of THOMAS JABLONSKI, Appellant,
v
WILLIAM A. CARTER, as Judge of the City Court of the City of Albany, et al., Respondents.

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Mann Law Firm, PC, Latham (Stephan R. Weiss of counsel), for appellant.
Barbara D. Underwood, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McDonough, J.), entered December 16, 2016 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent City Court Judge of the City of Albany suspending petitioner's driver's license.
In 2016, petitioner was charged by simplified traffic informations with driving while intoxicated, among other traffic infractions. Following a Pringle hearing (see Pringle v Wolfe, 88 NY2d 426 [1996], cert denied 519 US 1009 [1996]), respondent City Court Judge of the City of Albany, among other things, suspended petitioner's driver's license under Vehicle and Traffic Law § 1193 (2) (e) (7) pending petitioner's prosecution for the underlying charges. Petitioner subsequently commenced this combined CPLR article 78 proceeding and declaratory action seeking, among other things, annulment of the suspension order. After respondents joined issue, Supreme Court dismissed the petition/complaint. Petitioner appeals.
Respondents have advised this Court that the order suspending petitioner's driver's license is no longer in effect based upon petitioner's conviction of driving while intoxicated. In view of the foregoing, the appeal is moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]), and we find that the exception to the mootness doctrine does not apply in this case (see [*2]id. at 714-715; compare Matter of Vanderminden v Tarantino, 60 AD3d 55, 57-58 [2009], lv denied 12 NY3d 708 [2009]).
McCarthy, J.P., Devine, Clark and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.