Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd. (2019 NY Slip Op 01699)





Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd.


2019 NY Slip Op 01699


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

526899

[*1]In the Matter of ALBANY POLICE OFFICERS UNION, LOCAL 2841, LAW ENFORCEMENT OFFICERS UNION DISTRICT COUNCIL 82, AFSCME, AFL-CIO, Appellant,
v
NEW YORK PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Lynch, Devine, Rumsey and Pritzker, JJ.


Scheuerman & Scheuerman, LLP, Albany (Arthur P. Scheuerman of counsel), for appellant.
David P. Quinn, Public Employment Relations Board, Albany, for Public Employment Relations Board, respondent.
Roemer Wallens Gold & Mineaux LLP, Albany (Mary M. Roach of counsel), for City of Albany, respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the Supreme Court (Mott, J.), entered November 21, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.
This proceeding stems from a dispute that first arose in 2008, when respondent City of Albany began to implement changes to the health insurance plans offered to City employees. In 2010, petitioner, the bargaining representative for police officers and employees working for the City, filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) alleging that the City changed the health insurance offered to retirees by unilaterally discontinuing the practice of reimbursing Medicare Part B monthly premiums. After a hearing, an Administrative Law Judge dismissed the charge. On administrative appeal, the dismissal was upheld upon the ground that petitioner did not establish that there was a binding past practice. Petitioner commenced a CPLR article 78 proceeding to challenge PERB's determination, and the proceeding was transferred to this Court. We determined that PERB's determination was not supported by substantial evidence, annulled the determination and granted the petition (Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d 1236, 1240 [2017] [hereinafter APOU I]).
Approximately one month later, petitioner wrote to request that PERB "fulfill its statutory duty" and impose a remedy following our determination in APOU I. PERB declined, taking the position that it did not have an obligation to enter a remedial order because there had been no finding that there was a violation of the Taylor Law. Petitioner commenced this CPLR article 78 proceeding to compel PERB to issue a remedial order. Respondents moved to dismiss the petition, arguing that it failed to state a cause of action. Supreme Court granted the motions, and this appeal ensued.
Under the Taylor Law, a binding past practice is established where "the practice was unequivocal and was continued uninterrupted for a period of time sufficient under the circumstances to create a reasonable expectation among the affected bargaining unit employees that the practice would continue" (Matter of Chenango Forks Cent. Sch. Dist. v New York State Pub. Empl. Relations Bd., 21 NY3d 255, 263 [2013] [internal quotation marks, brackets and citations omitted]). PERB has exclusive jurisdiction to resolve a claim that a public employer committed an improper practice by discontinuing a past practice (see Civil Service Law § 205 [5] [d]; Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 19 NY3d 876, 879 [2012]; Matter of MacFarlane v Village of Scotia, 241 AD2d 574, 576-577 [1997]). Because PERB's determination was made after a mandated hearing, our review in APOU I was whether it was "supported by substantial evidence" (CPLR 7803 [4]; see Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d 482, 492 [2014]). We found that it was not.
Petitioner now seeks a writ of mandamus pursuant to CPLR 7803 (1) compelling PERB to impose a remedy in response to APOU I. "Mandamus to compel lies to enforce a clear legal right where the public official has failed to perform a duty enjoined by law" (Matter of Yager v Massena Cent. Sch. Dist., 119 AD3d 1066, 1067 [2014] [internal quotation marks and citations omitted]). "The long-established law is that while a mandamus is an appropriate remedy to enforce the performance of a ministerial duty, . . . it will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion" (Klostermann v Cuomo, 61 NY2d 525, 539 [1984] [internal quotation marks, brackets and citations omitted]). Petitioner's argument is that by finding in APOU I that substantial evidence did not support PERB's determination that there was no improper practice, the inverse must be true — i.e., that substantial evidence supported a finding that there was an improper practice. As such, petitioner contends that it is entitled to a remedial order pursuant to Civil Service Law § 205 (5) (d). We do not agree.
In APOU I, we granted the petition only to the extent of finding that PERB's determination was not supported by substantial evidence (see CPLR 7803 [4]) and, despite petitioner's alternate demand for relief, we did not find that the City violated Civil Service Law § 209-a (1) (d). As such, petitioner has not established a clear right to mandamus relief directing PERB to issue a remedy (see generally Matter of Schmitt v Skovira, 53 AD3d 918, 920 [2008]).
Finally, it is apparent to this Court that the underlying issue — whether the City engaged in an improper practice — remains unresolved. Although petitioner has not demonstrated a clear legal right to a remedial order, all parties are entitled to a final and binding resolution of this issue, and we could have remitted the matter to PERB in APOU I for further proceedings consistent with our determination. Accordingly, we now remit to PERB and direct it to resolve the 2010 improper practice charge in a manner that is not inconsistent with our determination in APOU I.
Egan Jr., J.P., Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by remitting the matter to respondent Public Employment Relations Board to issue a final and binding determination on the improper practice charge, and as so modified, affirmed.