■ In the Matter of CHAPIN HOME FOR THE AGING, Petitioner, v ANTONIA NOVELLO, as Commissioner of Health, et al., Respondents. [888 NYS2d 252]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Health which required repayment of certain disbursements made to petitioner.

Petitioner operates a skilled nursing facility located in Queens County (hereinafter the Chapin property) and is an enrolled provider in the Medicaid program. In 1981, petitioner applied to the Department of Health (hereinafter DOH) to construct a new facility elsewhere in Queens (hereinafter the Ottilie property). Included in that plan was petitioner's intention to sell the Chapin property in order to partially finance construction of the Ottilie property. Some years later, after failing to receive a satisfactory offer for the Chapin property, petitioner sold the Ottilie property and amended its application to reflect its intention to expand the existing facility on the Chapin property rather than construct a new facility. The Public Health Council approved the application, the expansion moved forward and, in 1993,

---

petitioner submitted to DOH interim certification of the costs of construction. DOH approved the certifications subject to audit and reimbursed petitioner approximately $17 million.

A subsequent audit by DOH concluded that certain expenses should have been disallowed. Following an administrative hearing, the Administrative Law Judge (hereinafter ALJ) reversed two of the disallowances and upheld the others, including certain interim construction expenses associated with the Ottilie property, as well as mortgage interest expenses related to petitioner's mortgage, which was financed by the Medical Care Facilities Finance Agency. Petitioner commenced this CPLR article 78 proceeding challenging the determination.

We find that the determination is not final within the meaning of CPLR 7801 (1) and, accordingly, dismiss the petition. "Administrative actions as a rule are not final 'unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process' " (*Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998], quoting *Chicago & Southern Air Lines, Inc. v Waterman S. S. Corp.*, 333 US 103, 113 [1948]). "To determine if agency action is final, therefore, consideration must be given to the completeness of the administrative action and a pragmatic evaluation must be made of whether the decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (*Matter of Essex County v Zagata*, 91 NY2d at 453 [internal quotation marks and citations omitted]; *see Matter of Schmitt v Skovira*, 53 AD3d 918, 920 [2008]).

In this case, the ALJ concluded that "[t]he specific amounts of the overpayments attributable to [the mortgage interest] disallowance cannot be determined from the evidence presented," and he directed DOH to "compute the specific amount thereof and notify [petitioner] of the result of the computation." Furthermore, after also noting that two disallowances were reversed, the ALJ remitted the matter to DOH "to recompute [petitioner's] rates for the audit period and the amounts of overpayments demonstrated by this recalculation in accordance with the foregoing." In short, the ALJ did not definitively determine the amount of the overpayments received by petitioner. Moreover, the record contains no indication that DOH subsequently performed the required recalculation or recomputed the amount of overpayments as directed by the ALJ (*see e.g. Matter of Garofalo v Dowling*, 223 AD2d 770, 772 [1996]). Pending a final determination of the amount of overpayment, the agency action is not ripe for judicial review.

Peters, Kavanagh, Stein and McCarthy, JJ., concur. Adjudged that the petition is dismissed, without costs.