■ In the Matter of HENRY SIMMONS, Petitioner, v RICHARD F. DAINES, as Commissioner of Health, et al., Respondents. [898 NYS2d 283]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chenango County) to review a determination of respondent Commissioner of Health which, among other things, found petitioner ineligible for Medicaid benefits for a period of time because he improperly transferred assets for less than fair market value.

Petitioner and his wife applied for Medicaid nursing home services benefits in July 2007. During the application review process, respondent Acting Commissioner of Otsego County Department of Social Services discovered, as is relevant here, that in July 2006, petitioner's son, James Simmons, who held power of attorney for petitioner, had deposited $47,200 into a bank account owned solely by petitioner and then, over the next six months, withdrew more than $50,000 from that account. Based on these transfers, as well as others, the Otsego County Department of Social Services (hereinafter DSS) determined that petitioner and his wife had transferred assets for less than fair market value and, consequently, were collectively ineligible for nursing home coverage for a period of 14.11 months (*see* 42 USC § 1396p [c] [1]; Social Services Law § 366 [5] [a], [d]).

At the subsequent administrative hearing, Simmons testified that he had transferred the $47,200 into petitioner's bank account because lawsuits had been filed against his corporation and he was concerned that "somebody was going to attach" the money. He stated that when he withdrew the money, he used it to pay "bills," some of which were petitioner's. The Administrative Law Judge (hereinafter ALJ) determined that DSS properly concluded that the $47,200 was attributable to petitioner as an asset pursuant to the nonrebuttable presumption of the applicable regulations (*see* 20 CFR 416.1208 [b]; *see also* 18 NYCRR 360-4.4 [b] [1]). However, the ALJ found that the money withdrawn by Simmons from petitioner's account may have been used to pay legitimate expenses incurred by petitioner and his wife, which would not be considered uncompensated transfers. Accordingly, the ALJ remitted the matter to DSS to "re-calculate and modify the penalty periods, taking into account whether any amounts paid out of [petitioner's account] on and after July 10, 2006 were used to pay expenses incurred by [petitioner and his wife]," and directed that petitioner be provided with an opportunity to submit additional documentation. Petitioner then commenced this CPLR article 78 proceeding, asserting, among other things, that the $47,200 deposit made by Simmons was wrongly attributed to petitioner as a resource.

The petition must be dismissed because " 'a definitive position on the issue that inflicts an actual, concrete injury' " has not yet been stated by respondent Commissioner of Health (*Matter of Chapin Home for Aging v Novello*, 66 AD3d 1288, 1289 [2009], quoting *Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]; *see* CPLR 7801 [1]). Here, the ALJ specifically provided petitioner with an opportunity to provide additional

evidence to establish that money withdrawn from the account at issue was used to pay expenses incurred by him or his wife. Although the issue of whether the disputed $47,200 deposit is attributable to petitioner as a resource was not ordered by the ALJ to be reconsidered, "a determination will not be deemed final because it stands as the agency's last word in a discrete legal issue that arises during an administrative proceeding" (*Matter of Essex County v Zagata*, 91 NY2d at 453). Moreover, there is no evidence in this record that DSS has recalculated the penalty as directed by the ALJ.

Cardona, P.J., Mercure, Kavanagh and McCarthy, JJ., concur. Adjudged that the petition is dismissed, without costs.